AIREDALE WORSTED MILLS, INC. *vs.* MARIE D. COTE.

JUNE 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for review brought by an employer under the provisions of the workmen's compensation act, general laws 1938, chapter 300, on the ground that the respondent employee was no longer totally incapacitated as the result of an accidental injury arising out of and in the course of her employment. Following a hearing in the superior court a decree was entered granting the prayer of the petition. From the entry of that decree the respondent duly appealed to this court.

It appears in evidence that the respondent, who was about fifty-three years old, was employed by the petitioner as a "burler," that is, an examiner of cloth for certain imperfections, which work she did sitting at a table as the cloth was carried along in front of her by mechanical means. However, in the course of this work she was obliged to stoop or to pull the cloth from time to time. On September 24, 1946, as she was thus employed, the chair upon which she was sitting broke and she fell to the floor. The result was an undisputed injury to her right knee and also, as she now claims, some injury to her lower back. On November 8, 1946 the parties entered into a preliminary agreement, which was approved by the director of labor, wherein there appears the following pertinent entry: "Nature and location of injury Injury to right knee." Compensation for total incapacity from that injury has been duly paid by the petitioner.

At the hearing in the superior court respondent admitted that the knee injury was completely healed, but contended

that she was still partially incapacitated by an injury to her lower back as a result of the accident. When petitioner objected to the introduction of such evidence on the ground that the injury to the back, if it existed, was outside the scope of the agreement and the petition to review, the respondent moved in substance that the agreement be amended by adding thereto a statement of injury to the sacroiliac region of her back. In urging this amendment respondent's counsel took the position that since there was objection thereto, then the petitioner or those acting in its behalf who prepared the agreement "took advantage of this woman," a person not conversant with the English language. The import of such language is that constructive fraud was practiced upon the respondent. In this situation, the trial justice decided to hear all the evidence and postponed his ruling on respondent's motion to amend until he gave his written decision in the case.

It would serve no useful purpose to refer to the medical testimony, as the finding of the trial justice that respondent was no longer incapacitated from the knee injury, as such, is amply supported by legal evidence. And further, in view of our conclusion on respondent's contention that the trial justice erred in denying her motion to amend the preliminary agreement by adding thereto a claim for the back injury, we deem it inadvisable to relate the pertinent evidence with reference to such injury.

The real question before us is one of procedure. The petition here was brought to review a heretofore unchallenged preliminary agreement, duly approved by the director of labor, on the ground that the incapacity of the injured employee had "ended, increased, or diminished," in accordance with art. III, §13, of the act, as amended. Under this petition, therefore, that would be the sole question at issue. There is nothing in §13 that gives to the director of labor or to the superior court, upon a petition to review and in the absence of allegation of fraud or coercion, the power to inquire into the validity of the agreement.

364

Upon the approval of an agreement by the director of labor, it is well settled that such agreement has the force of a decree, and, according to the act, may be enforced in the same manner as a decree. When so approved an agreement changes its character from an ordinary contract to that of a solemn act of the parties which is recorded in the office of the director of labor. *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194, 203. To protect the parties against unconscionable conduct, art. III, §1, of the act provides: "No appeal shall lie from the agreement thus approved unless upon allegation that such agreement has been procured by fraud or coercion." Our construction of this provision is that where it is alleged that such agreement was procured by fraud or coercion an appeal would lie to the superior court where such issues will be judicially determined. It is clear that in the instant case the respondent has not availed herself of that remedy.

In the absence of such a challenge an agreement approved by the director of labor is final to the extent of the facts therein agreed upon. The court is bound to that extent and is without authority, on a petition to review of the type in the instant case, to add any further obligation to the agreement as made by the parties and approved by the director of labor. The cases of *Lopes* v. *B. B. & R. Knight, Inc.*, 50 R. I. 16, and *Martin* v. *Silvertown Garage*, 54 R. I. 388, upon which respondent relies, are clearly distinguishable from the instant case. In both those cases, following the execution of an instrument now denominated a settlement receipt which we had occasion to discuss in *Starnino* v. *Fuller Co.*, 72 R. I. 91, the employee brought an *original petition* for additional compensation. In the *Lopes* case the employee based his claim upon a statement in the preliminary agreement with reference to the payment of compensation for partial incapacity. In the *Martin* case the employee asked for specific compensation for the loss of vision, which claim, the respondent contended, was barred by the settlement receipt.

In the instant case the respondent did not proceed by way of an original petition to recover compensation for her back injury nor did she seek a review of the preliminary agreement by an appeal on the ground of fraud or coercion, as provided by statute. In this case she was merely contesting the employer's petition for review of such agreement. As already stated the sole issue thus presented was whether the incapacity from the knee injury had ceased. Whether as the result of her compensable injury by accident she also suffered a back injury from which she is now partially incapacitated is an open question to be determined, if she sees fit, as she may be advised. In the absence of statutory mandate, the allowance of an amendment to the preliminary agreement, such as was requested by the respondent in this case, would lead to endless confusion in the administration of the act. We find no error in the ruling of the trial justice denying the amendment.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Haslam, Arnold & Sumpter, Charles H. Anderson,* for petitioner.

*James J. McAleer, Harry Goldstein,* for respondent.