MANVILLE JENCKES CORPORATION *vs.* CATHERINE LUBINSKI.

AUGUST 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an employer's petition for review of a preliminary agreement based on the ground that the respondent employee's incapacity resulting from the injury stated in the agreement has ended or diminished.   After a hearing in the superior court, the trial justice found that such incapacity had ended.   A decree was duly entered containing that finding and also the following findings: that respondent is now disabled by hypertrophic arthritis which antedated the accident; that such condition was not changed or aggravated by the accident; and that respondent's present incapacity is not the result of the accident.   From that decree respondent has appealed to this court.

Her appeal raises several questions, but on our view of the record we need consider and decide only one of them, namely, whether there is any legal evidence to support the decree.   Respondent contends there is no such evidence. She further contends the evidence is undisputed that her present incapacity is due to an injury to her back which resulted indirectly from the *accident*.   Petitioner on the other hand contends that the evidence is undisputed that respondent is no longer incapacitated from the *injury stated in the preliminary agreement* and that such injury is the only one that can be considered under its petition for review of that agreement.

Respondent, while in the course of her employment with the petitioner on April 25, 1944, slipped on a wet spot on the floor of its mill in Manville in this state and fractured the sixth, seventh and eighth ribs on her left side.   On the next day she became totally incapacitated and so remained until July 12, 1944 when she voluntarily returned to work. After two days she was compelled to cease work due to the pain in her left side.   Thereafter she entered into a preliminary agreement for compensation with petitioner wherein the accidental cause of her injury was described: "Slipped on wet spot on floor, and struck side of loom" and she stated her injury resulting therefrom as "Fractured left 6th, 7th 8th ribs."   It was agreed therein that due to such

injury respondent was then totally incapacitated and was entitled to compensation therefor commencing July 17, 1944 for the duration of such incapacity or until otherwise terminated in accordance with the provisions of the workmen's compensation act. General laws 1938, chapter 300.

The instant petition seeks a review of that agreement to determine whether respondent's incapacity resulting from such *injury* has ended or diminished. That is the only question open to inquiry in this proceeding. Petitioner has the burden to prove that the injury stated in the agreement no longer incapacitates the respondent at all or to the same degree as when the agreement was made, but petitioner cannot be required to meet and defend a claim by respondent of continuing incapacity from any other injury not stated in the agreement even though respondent may be able to show that the *accident* caused or contributed to such injury. In the absence of an agreement, such a claim should be made by an original petition wherein the employee would have the burden of proof. In other words, the question in the case at bar is whether respondent is still incapacitated as a result of the fractured ribs on her left side, the injury stated in the agreement. Whether she is incapacitated from an injury to her back caused by an arthritic condition that was aggravated or lighted up by the *accident* is irrelevant in this proceeding because such an injury was not stated in the preliminary agreement.

We gather from the transcript and the briefs of the parties that there is no controversy between them over the question whether respondent is incapacitated as a result of her fractured ribs. The evidence is undisputed that they have completely healed. And there seems to be no question that respondent's present incapacity is due to pain in her back arising from its hypertrophic, arthritic condition. There is a slight qualification which ought to be made to that statement but which we deem of no importance because of its indefiniteness.

Doctor Cyril Israel who testified for respondent suggested another cause of her back pain as "may be the possibility of scar tissue in the soft tissues around the area of the original injury * * *." He admitted, however, that the ribs had healed and that her present incapacity was due to her back pain. In this latter opinion he agreed at least to that extent with Dr. Arthur E. Martin, who testified for petitioner. We shall not discuss his testimony except to say that when he examined her on September 29, 1947 he found respondent had "marked hypertrophic arthritis involving the dorsal and lumbar spine" which, in his opinion, predated the accident and was the sole cause of her present incapacity. He admitted on cross-examination that a trauma could aggravate such condition, and that if it was a fact that respondent experienced no back pain of any kind until after the accident that fact would be important in considering what caused such pain.

Respondent testified that she had suffered no back pain before the accident. Doctor Israel testified that he had been her family doctor for a number of years and that she had never complained to him of such pain until after the accident. He further testified that the accident which caused the injury to her left side aggravated the pre-existing arthritis in her back and that previously it had not given her pain but now it is the cause of the back pain which is incapacitating her. We have mentioned this testimony about the aggravation of respondent's arthritic condition merely to show how the trial justice was led into making findings concerning it when strictly it was not relevant to the issue on trial under the petition for review.

Were it not for those findings the superior court's decree would be affirmed without alteration because we are satisfied that, even after excluding Dr. Martin's testimony, there is legal evidence to support the trial justice's decision that respondent's incapacity resulting from the *injury stated in the preliminary agreement* has ended. As it is, we are of the opinion that the decree should be modified in the

40

following particulars: By eliminating the findings that the *accident* did not aggravate respondent's arthritic condition; that her present incapacity was not caused by the *accident;* and that she has no incapacity for work resulting from the *accident.* The error in such findings is due in part to the use of the word "accident," whereas the inquiry under the petition is limited to the "injury" stated in the agreement. If the word "injury" is substituted for the word "accident" in the last two findings in the decree, such findings may be retained. It may be that respondent suffered another *injury* as a result of the *accident* either by aggravation of an old condition or otherwise, but the point is we are not concerned with such question here as no other injury is mentioned in the agreement and, therefore, the decree should not contain findings in relation thereto.

The respondent's appeal is sustained, the decree appealed from is reversed in part and is modified in part; otherwise it is affirmed, and the cause is remanded to the superior court with direction to enter a new decree in accordance with this opinion.

*Worrell & Hodge, Paul H. Hodge,* for petitioner.

*Raymond F. Henderson,* for respondent.