AMERICAN WOOLEN CO., INC. *vs.* JOHN GRILLINI.

FEBRUARY 21, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This petition was brought in the superior court under the workmen's compensation act, general laws 1938, chapter 300, by the widow of a deceased employee. Thereby she prayed 'that the employer be held in contempt for failing to make, after the death of the employee, further compensation payments under a preliminary agreement as modified on review by an order entered by the director of labor during the employee's lifetime. After a hearing in that court a decree was entered denying and dismissing the petition, and the case is before us on petitioner's appeal from that decree.

The facts are not disputed. Petitioner's husband was injured by accident arising out of and in the course of his employment by American Woolen Co., Inc. Under a pre-

liminary agreement, entered into by the parties and approved by the director of labor under the workmen's compensation act, the employer was obligated to pay the employee $20 weekly compensation for and during his total incapacity. Subsequently the employer filed a petition for review of that agreement under article III, §13, of the act, and after a hearing thereon an order was entered by the director of labor finding the employee partially incapacitated and fixing his compensation at the maximum rate of $18 per week. From that order the employer duly took an appeal to the superior court but later discontinued it before the instant petition was filed. At all times thereafter until the date of employee's death the employer made payments to him under the agreement as thus modified.

Following the employee's death, the widow on July 14, 1949 filed a separate original petition claiming certain compensation benefits as specifically provided by G. L. 1938, chap. 300, art. II, §6, for a dependent of a deceased employee. That petition, which should not be confused with the one in the instant case, was granted by the director of labor and an appeal therefrom was duly taken by the employer to the superior court.

In addition thereto the widow later, on November 23, 1949, filed the instant petition to have the employer adjudged in contempt of the order previously entered by the director on the employer's petition to review the original agreement. Such petition was filed in the superior court in the case as herein captioned, although it was no longer pending because the employer's appeal therein had been discontinued over eleven months previously. However, the petition was heard in that court while the widow's other case for dependency benefits was still pending therein, and the decree denying the petition for contempt is the subject of the instant appeal.

According to the brief for petitioner all the grounds of her appeal are reduced to one main point. She contends in effect that weekly payments of ordinary compensation

to an employee under a preliminary agreement or under an order of the director of labor modifying such agreement must be continued after the employee's death and be paid to his legal representative or dependent, at least until the employer by a proper proceeding for review under the act has established that the employee's death was not due to or induced by the injury for which compensation was being paid to him. In support thereof she argues that an employer cannot terminate compensation payments which have been properly ordered under art. III, §13, without first obtaining the approval of the director of labor in accordance with procedures under the act, citing *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194, and *Gobeille* v. *Ray's Inc.*, 65 R. I. 207; and that this law governs the instant case notwithstanding any provision in §15 of art. II, which provides in the last sentence that: "All payments of compensation under this chapter shall cease upon the death of the employee from a cause other than or not induced by the injury for which he is receiving compensation." She also argues that the reasoning underlying the purpose of the act in transferring the burden of casualty from the employee to industry in order to prevent hardship and the necessity for public assistance to an employee and his family should be applied equally after the employee's death by requiring payments of the compensation previously ordered under an agreement to be continued to a dependent of the employee.

In our judgment a primary question must be considered before the merits of these contentions are reached. That question is whether an order of the director of labor modifying a preliminary agreement and fixing compensation to the employee on the basis of his partial incapacity may be enforced, after the employee's death, by contempt proceedings initiated by a dependent of the deceased employee. Apparently the petitioner assumes that she has such a right as to payments which, as here, were not due prior to his death and then proceeds to argue the merits of her conten-

tions. But in doing so she confuses her rights to compensation as a dependent with those of an employee under an agreement. Compensation to a dependent as such is separately provided for in art. II, §6, and is conditioned as therein specified upon proof of the dependency and the causal relation between the injury and the employee's death. Such compensation benefits therefore are essentially different from ordinary compensation which is payable under an agreement or order to an employee personally for and during his incapacity from the injury.

At any rate if the widow merely by virtue of her dependency is entitled to bring contempt proceedings to enforce such a modified preliminary agreement, that right must be found in some provision of the act. However, no provision of the act authorizing a *dependent as such* to enforce a preliminary agreement and order fixing compensation to an employee for his partial incapacity has been pointed out by petitioner and we have found none. On the contrary the only pertinent provision in the act appears in art. III, §1, which relates to the enforcement of agreements and reads in part as follows: "Any such agreement approved by said director shall be enforceable by a suitable action or proceeding brought by *either of the parties thereto in the superior court,* including executions against goods, chattels and real estate, and *including proceedings for contempt* for wilful failure or neglect to obey the provisions of such agreement * * *." (italics ours)

The language of that section is clear. Its effect is to restrict the enforcement of preliminary agreements and modifying orders of the director of labor to the parties thereto, subject of course to the approval of the court under the act. In our judgment the widow was not a party to the agreement or the proceeding for a review thereof, and therefore under the provisions of the act she was not entitled as a mere dependent to enforce such agreement and order.

Nor are we aware of any principle in equity under which

contempt proceedings can be initiated by one who is a stranger to the decree. It is true that procedure under the workmen's compensation act follows the course of equity, and that an order of the director modifying an agreement has the force and effect of a decree until properly modified in accordance with provisions of the act. *Carpenter* v. *Globe Indemnity Co.* and *Gobeille* v. *Ray's Inc., supra.* But it is too well settled to require citation that decrees in equity generally are not enforcible at the instance of one who has no vested or legal interest in the subject matter thereof.

In the instant case the widow was not a party to the petition for review in which proceeding the order was entered, and under the agreement as thus modified the compensation was not payable to her or for her benefit. Nothing in the nature or terms of the agreement and order vested any legal or equitable interest in the widow by virtue of her dependency. Under the act and agreement this compensation was payable to the employee for and during his partial incapacity, and had no relation to his death or the widow's dependency. It was personal and not attachable or assignable. See art. II, §23, and *Duffney* v. *A. F. Morse Lumber Co.*, 42 R. I. 260.

In our judgment under both the provisions of the act and the established principles of equity the widow as a dependent was a legal stranger to the instant agreement and order modifying it. Therefore she was not entitled to enforce by contempt proceedings the director's order fixing compensation to be paid to the employee for his partial incapacity where the compensation payments sought to be enforced were not due during the employee's lifetime. For that reason the decree entered in the superior court denying and dismissing the instant petition was correct. In view of this conclusion, it becomes unnecessary to otherwise discuss the merits of the various contentions made by the petitioner and hereinbefore summarized.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hector D. Laudati, John Quattrocchi, Jr.,* for petitioner Anna Grillini.

*Worrell & Hodge, Lee A. Worrell,* for American Woolen Co., Inc.