MARGARET M. PETERS *vs.* MONOWATT ELECTRIC
CORPORATION.

APRIL 6, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition to review a preliminary agreement for workmen's compensation. General laws 1938, chapter 300. From a decree of the superior court granting the petition and awarding petitioner compensation for total incapacity from March 1949, respondent has appealed to this court. Under its appeal it questions various findings of fact in the decree and also contends that such decree is contrary to the law and the evidence.

It appears from the evidence that in November 1946 petitioner received an injury by accident arising out of and in the course of her employment as a foot press operator in respondent's shop. She was treated by her own physician who diagnosed her injury as a right femoral hernia and referred her to a surgeon for an operation. Thereafter on January 27, 1947 the operation was performed and on February 4, 1947 petitioner was discharged from the hospital in the care of her physician. She still had a palpable mass in the region of the hernia and her leg was swollen and painful. This condition was diagnosed by her physician as cellulitis or traumatic neuritis and he gave her diathermy treatments therefor.

However, on March 10, 1947, the parties entered into a preliminary agreement which was amended June 16 and such amendment was approved August 5, 1947. This amended agreement stated that petitioner's injury was "hernia on right side" and that she was totally incapacitated. It further provided for weekly compensation of $15.98. On or about June 10, 1947 she was examined by the surgeon who performed the operation and at that time he found no hernia or evidence of hernia. Thereupon she reported to her physician on June 25 and on July 1, 1947 returned to her work at the respondent's shop and signed a settlement receipt which was duly approved by the director of labor. Thereafter both doctors sent their bills for services to the respondent's insurance carrier and they were paid.

Petitioner worked until December 1948 when she was laid off due to a reduction in the respondent's office force. Immediately upon her discharge she obtained a job as a billing machine operator at the office of Starkweather & Shepley Inc. However, in March 1949 she was let go. Thereafter neither respondent nor its insurance carrier saw or heard from petitioner again until the instant petition was filed in January 1950. In the meantime she obtained a job in a women's apparel shop but was soon forced to give it up, as she testified, on account of the painful condition of her leg. She tried to get clerical work in several other places but was unsuccessful.

In August 1947 and thereafter at irregular intervals she had visited her physician and received diathermy treatments for her leg. Finally on November 15, 1949 she consulted Dr. John A. Bolster and was advised by him that she had an incarcerated femoral hernia on the right side. He performed a hernia operation in April 1950 but at the time of the trial in the superior court in June 1950 she still had pain in her leg. Doctor Bolster testified that such pain was due to a nerve injury. He further testified that he could not tell what was the actual cause of that

injury without a proper study, which he said he did not make.

On those facts the trial justice found that petitioner was totally incapacitated because of the *condition of her leg;* that such condition was causally connected with the injury received by the accident; and that such injury was not repaired by the first operation but was repaired by Dr. Bolster in April 1950. Apparently the trial justice assumed that he had the authority under a petition for review, if the evidence warranted, to go beyond the specific injury stated in the preliminary agreement and to find another and different injury had grown out of the original injury.

The preliminary agreement made no reference specifically to an injury to petitioner's leg. The status of her injury was confined simply to a "hernia on right side." Because of such injury, and no other, respondent agreed that petitioner was totally incapacitated until such injury was repaired and that it would pay compensation for that period and also petitioner's medical expenses in treating and repairing the injury. Under that agreement petitioner received compensation and her medical expenses were paid as acknowledged by her in the final settlement receipt. She was treated by a physician and operated upon by a surgeon each of her own choice and was thereafter found by them to be capable of resuming her work. As a result she returned to work on July 1, 1947 and continued working until March 1949 when she found that she could not hold a job because of the condition of her leg.

In the circumstances we are of the opinion that the trial justice was not authorized to go beyond the specific injury stated in the preliminary agreement. *Airedale Worsted Mills, Inc.* v. *Cote,* 75 R. I. 361. The ground upon which petitioner relied in her petition for review was a recurrence of her original hernia. Under G. L. 1938, chap. 300, art. III, §13, as amended by public laws 1949, chap. 2274, providing for petitions to review decrees and preliminary agreements, a review on account of recurrence of incapacity

from the original injury is now permitted, but we can find no provision in the section as amended which authorizes the trial justice to award compensation on a finding of a new and different injury from the one which was the specific incapacitating injury agreed to by the parties in their preliminary agreement.

If petitioner now claims that she has an additional injury growing out of the one described in the preliminary agreement she may not assert such a claim under a petition for review of such agreement. But she must, if she cannot obtain respondent's consent to a supplemental agreement embodying such injury, allege it in an original petition for compensation in which she would have the burden of showing that this additional injury was causally connected with the accident which caused the original injury set out in the agreement. In the instant proceeding, therefore, petitioner should have been confined to her claim that the hernia described in the agreement had recurred and that it, and no other condition, was the cause of her incapacity.

While the trial justice found that the original hernia had never been repaired until Dr. Bolster repaired it he made no finding that petitioner was incapacitated because of it. Indeed he could hardly have done so consistently with the evidence, for if, as he held, petitioner's hernia had not been repaired by the first operation, then it appears she actually worked for almost two years in spite of it. As a matter of fact he expressly found that she was "totally incapacitated for work because of the leg condition" and that she "has been so incapacitated from March, 1949."

Since there is no evidence that the injury specified in the agreement is incapacitating petitioner for work and since the trial justice did not, under a petition for review, have the authority to find the petitioner entitled to compensation for an injury not mentioned in the agreement as having resulted from the accident, we are of the opinion that the trial justice erred in awarding her com-

pensation for such injury. Therefore the decree entered on his decision is erroneous and must be reversed.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree denying and dismissing the petition.

### On Motion for Reargument.
#### JUNE 15, 1951.

Per Curiam. After our decision in the above case the petitioner asked and received permission to file a motion for reargument. Pursuant to this permission she has filed such a motion, setting out therein the grounds upon which she bases her contention that justice requires a reargument of the case.

It should be noted that our opinion was confined solely to the issues as they were related to the petition to review the preliminary agreement, and was without prejudice to any issue under any proper proceeding under the act apart from such petition. With that in mind we have carefully considered the grounds of the motion and we are of the opinion that they do not warrant a reargument of the case.

Motion denied.

*James F. Murphy*, for petitioner.

*John P. Cooney, Jr.*, for respondent.