### WANSKUCK COMPANY *vs.* ROSARIO PULEO.
#### JULY 31, 1951.

PRESENT:  Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

448

FLYNN, C. J.  This petition to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300, was brought by the employer and was granted by the director of labor.  It was heard *de novo* in the superior court on the respondent employee's appeal from that decision, and thereupon a decree was entered granting the petition on the ground that the respondent's incapacity had ceased.  The cause is before this court on the employee's appeal from that decree.

It appears that on May 6, 1949 respondent sustained an injury arising out of and in the course of his employment with the petitioner.  A preliminary agreement was entered into and provided for payments of compensation to the employee for an injury to his leg.  In that agreement, which was approved by the director of labor, the injury is described as "strain calf muscles" and the cause thereof is stated as "knee against bale when tightening."  Payments thereunder of compensation at the rate of $28 weekly for total incapacity according to the act were made by the employer.

In April 1950 the employer filed the instant petition for a review of that agreement as above indicated. At the hearing thereon in the superior court petitioner called respondent as a witness, and also presented evidence from the foreman of the plant, the nurse in charge of first aid and records, three investigators, and Dr. Frank B. Littlefield. In general this evidence tended to show that respondent's leg still showed some slight residual evidence or effect of the injury which no longer prevented him from doing his regular work of wool sorting, especially if he used a supporting bandage; that petitioner had offered respondent lighter work of patching bags, but on three different occasions, after a comparatively few hours' trial, he went home claiming he was unable to do any work; that during the period when he thus claimed he was unable to do even light work as offered by petitioner he had been observed on different occasions by investigators while he was working as a bartender in a cafe; and that he was able to walk, bend, and serve customers for substantial periods of time without sitting down, and showed no signs of a limp or disability due to his injured leg.

In addition to other witnesses whose evidence tended to corroborate the respondent's ability to work, Dr. Littlefield testified personally to the effect that he had examined him on different occasions and had treated him regularly once a week from the middle of August 1950 to the time of the hearing; that the employee was now suffering from a venous insufficiency but was able, especially with the aid of a supporting bandage on his leg, to stand indefinitely and perform his usual work of wool sorting or the lighter work offered by the petitioner; that he did not consider it reasonably possible for the injury received by the employee to result directly in "bursitis" in the heel or ankle as claimed by medical testimony for respondent; and that medically he could not agree with the claim made by respondent's doctor that a bursitis of the Achilles' muscle in back of the heel or in the ankle would be considered as

coming within the injury as described in the agreement, namely, "strain calf muscles."

On the other hand there was testimony by the employee and by Dr. Frank D. Fratantuono, who had examined him on two occasions during hearings. While that doctor never treated the employee for the injury, he testified in effect that the respondent was still suffering from "Moderal Achilles' tendon bursitis" in back of the heel or substantially in the ankle, which was said to be causally and directly connected with the injury to the Achilles' muscle; that the injury described in the preliminary agreement covered an area from the back of the knee down to the ankle; and that the employee's present difficulty and cause of his incapacity was a bursitis in the back of his ankle which was properly included, according to medical understanding, in the injury described in the preliminary agreement as "strain calf muscles." His testimony in general tended to corroborate the employee's claim that he was still totally incapacitated and unable to perform either his regular work or the lighter work which had been previously offered by the petitioner.

The employee himself admitted working in a cafe as testified to by the investigators for the petitioner. But he claimed that he worked there only about eighteen or twenty hours a week, and that at most he merely assisted in rush hours with work which would not be worth more than $20 per week. He first testified he had only one bartender to help him, and at a later period in the hearing testified that he had two, one of whom was his brother, as well as help from his wife and a waitress. None of these other persons testified in corroboration of his testimony.

The trial justice passed unfavorably upon the respondent's credibility, pointing out in effect his claim of inability to do even light work as offered by petitioner on three different occasions when contrasted with testimony of investigators that he was evidently able to work and was working in the cafe as a bartender without obvious

inconvenience or disability. He also expressed himself as favorably impressed with the medical testimony of Dr. Littlefield, a surgeon who not only had been appointed as an impartial examiner by the director of labor but who also had examined and was treating the employee regularly for the injury described in the preliminary agreement. The trial justice expressly recognized that petitioner had the burden of proof on its petition to review and found on all the evidence that it had established reasonably that the employee's incapacity from the injury described in the preliminary agreement had ceased.

From a decree embodying the trial justice's decision that respondent's incapacity had ended he has duly prosecuted his appeal to this court and states his reasons of appeal as follows: "1. Said decree is contrary to the law. 2. Said decree is contrary to the evidence. 3. Said decree is contrary to the law the evidence and the weight thereof." However, in his brief and argument before us he attempts to raise two questions, each of which is related to a specific ruling of the trial justice during the hearing and neither is separately or specifically included in his reasons of appeal. The first of these questions relates to his objection to the allowance in evidence of a report of Dr. Littlefield which had been filed by him with the director of labor following the latter's appointment of the doctor as an impartial examiner. In this connection it may be noted that the doctor also appeared and testified personally in the instant hearing. The second question is based on an objection to the trial justice's ruling denying the employee's motion to amend the preliminary agreement so as to include the injury of "bursitis" as described in evidence by Dr. Fratantuono.

We are of the opinion that neither of these questions is properly before this court under the respondent's general reasons of appeal. It is familiar law that in cases following the course of equity ordinary questions as to the decision as it appears in the decree may be presented under

general reasons of appeal from such decree. However, it has been uniformly held that any grievance resulting from an erroneous ruling on some particular matter during the course of the trial, whether evidentiary or otherwise, should be made the subject of a separate and specific reason of appeal. *Vaill* v. *McPhail,* 34 R. I. 361; *Lisker* v. *Monti,* 74 R. I. 310, 316. See also *Egan* v. *Walsh-Kaiser Co.,* 73 R. I. 399.

Moreover, the workmen's compensation act, article III, §7 (b), clearly provides in part: "* * * the appellant shall file reasons of appeal stating specifically all the questions of law or equity decided adversely to him which he desires to include in his reasons of appeal * * *." That provision was considered in *Harding* v. *Imperial Printing & Finishing Co.,* 45 R. I. 416, where this court refused to consider questions as to certain parts of the decree that were not set forth specifically in the reasons of appeal. In the instant case the respondent is attempting to raise questions concerning specific rulings to which objection was made at the hearing but which have not been included or set forth specifically in his reasons of appeal. Therefore under the terms of the act, and consistently with the general practice in cases following the course of equity, we are of the opinion that these two questions are not properly before us and should not be considered.

The only question properly raised by the reasons of appeal and argued here is whether there was any legal evidence to support the finding in the decree. As above summarized, the evidence for the petitioner is clearly in conflict with that of the employee and his doctor. We have examined the transcript and in our judgment there is legal evidence to support the trial justice's conclusion that the employee is no longer incapacitated from the original injury as described in the preliminary agreement. In the absence of fraud, and none is claimed, such finding becomes conclusive under the act.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.

*Joseph V. Ortoleva,* for respondent.