JAMES R. DAY *vs.* ALMAC'S INC.

MAY 22, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300, article III, §13. After a hearing on the merits in the superior court a decree was entered denying and dismissing the petition. From that decree petitioner has appealed to this court.

On November 8, 1946 petitioner received an injury by accident arising out of and in the course of his employment with the respondent. Thereafter on November 13 he became totally incapacitated for work as a result of such injury and was absent from his employment until December 9, 1946 when he returned to work at a lighter job. On January 27, 1947 he entered into an agreement with respondent for compensation for such incapacity whereby he received $15.60 per week from November 13 through December 8, 1946. In a written settlement receipt dated January 27, 1947 he acknowledged that he had received such compensation and that his incapacity had ended.

The preliminary agreement alleged that the cause of petitioner's injury was "lifting crate from the floor—pulled ligaments in his back," and that "middle of back" was the nature and location of the injury. Without any further clarification of those allegations elsewhere in the agreement it was approved by the director of labor pursuant to G. L. 1938, chap. 300, art. III, §1. On account of a lack of clarity in such allegations a controversy has arisen as to the nature of the injury. The petitioner contends that the agreement

is to be read as though it alleged that such incapacity resulted from "injury to middle of back." On the other hand respondent claims that the allegations can mean only that the injury was "pulled ligaments in his back."

The trial justice rejected petitioner's interpretation of the agreement. He held that the injury which was therein described as the cause of the total incapacity and for which respondent had agreed to pay compensation for the duration thereof was "pulled ligaments in his back." And on the basis of such construction he made the finding that there was no evidence "that petitioner now has any incapacity for work resulting from such an injury."

The petitioner contends that the construction of the agreement is a question of law and that the trial justice erred in his interpretation of it. He further argues that his finding was also erroneous since the evidence, if applied to the agreement as construed by petitioner, was undisputed that the injury was the cause of his present incapacity for work other than of a light nature. In connection with this latter argument he further contends that the trial justice erred in making three rulings during the trial which deprived him of the opportunity to present evidence in support of his interpretation of the language of the agreement referring to the cause and nature of his injury. These rulings consisted of a denial of a motion to strike out certain medical testimony of Dr. Thomas A. Egan, denial of petitioner's motion for a subpoena *duces tecum* directed to counsel for respondent to produce a medical report by Dr. Egan, describing the injury, which petitioner's counsel asserted had been sent to respondent's insurer, and finally denial of petitioner's motion for a continuance in order that he might summon as a witness a former employee of such insurer for the purpose of having him testify as to the description of petitioner's injury in Dr. Egan's report.

As to such rulings, we are of the opinion that they are of no consequence in the light of the trial justice's construction of the agreement with which construction we are in accord.

The only purpose of petitioner's motions appears to have been to present evidence which in effect would contradict the description of petitioner's injury as stated in the agreement or at least tend to differentiate or materially alter it. The trial justice was correct in holding that this could not be done since, on a petition to review, the agreement was binding upon the court.

For the above reason we are also of the opinion that it is not necessary to discuss here several points argued by petitioner in support of his contention that the trial justice erred in finding there was no evidence that his present incapacity was caused by the injury described in the agreement. Such finding was predicated upon the trial justice's conclusion that the injury therein agreed to by the parties was "pulled ligaments in his [petitioner's] back." Whatever merit there may be in petitioner's points on his interpretation of the agreement they are of no consequence because our construction is in accord with that of the trial justice.

The reasons therefor may be briefly stated. First of all, it is manifest that the printed blank on which the agreement was made was not carefully filled out. In construing the statements typed therein it is necessary to make due allowance for this fact. When this is done it will appear that notwithstanding the lack of care exercised in this respect the statements or allegations there set out are neither inaccurate nor unintelligible.

Such allegations as to the cause, nature and location of the injury are not necessarily meaningless, but on the contrary reasonably submit to an interpretation that furnishes intelligible answers to the questions as to the nature of petitioner's injury, how it was caused, and where it was located. As we read the agreement we find no difficulty in reaching the conclusion that the answer to the first of those questions is "pulled ligaments in his back"; that the answer to the second question is "lifting crate from the floor"; and to the third question, "middle of back."

We are equally certain that there is nothing in the agreement which warrants petitioner's interpretation that the injury is generally described or identified as "injury to middle of back." Indeed the words "middle of back" are actually in the agreement but the above-quoted language of the petitioner appears nowhere therein. The location of the injury is quite properly identified by the words "middle of back," but such words cannot reasonably be construed to identify or describe the *nature* of the injury. On the other hand "pulled ligaments" quite readily submit to such a construction.

There seems to be no need to prolong this opinion by any discussion of the petitioner's evidence as to the cause of his present incapacity. None of such evidence relates to "pulled ligaments" in the middle of petitioner's back. On the contrary he complains of a totally different kind of injury which we concede appears from the transcript to be undisputed and may well be the cause of his present incapacity. However, we can only repeat here what we have so recently said in *Peters* v. *Monowatt Electric Corp.*, 78 R. I. 134, that, on a petition for review of a preliminary agreement, the superior court is without authority to consider any injury except the one specifically stated therein, unless the statute is amended to broaden such review.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Goldberg & Goldberg, Leo M. Goldberg, Philip B. Goldberg, Joseph Palmieri*, for petitioner.

*Boss & Conlan, James C. Bulman*, for respondent.