GREENVILLE FINISHING COMPANY INCORPORATED, *et al.* *vs.* JOHN PEZZA.

JULY 30, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an employer's petition to review a preliminary agreement providing compensation of $20 per week for total incapacity of the respondent employee resulting from an injury arising out of and in the course of his employment with petitioner.   The employer's insurer has joined in the petition.   After a hearing in the superior court the petition was denied and dismissed and a decree to that effect was duly entered.   From such decree petitioners have appealed to this court.

They rely upon sixteen reasons in support of their claim of appeal.   For the purpose of argument, however, they have compressed them in their brief under four points as follows:   1. There is no legal evidence to support certain findings in the decree.   2. The trial justice erred in finding that respondent was totally incapacitated from a traumatic neurosis consequent upon the injury described in the agreement, and in denying and dismissing the petition for such reason.   3. There is no legal evidence to support a finding that respondent was incapacitated by a traumatic neurosis.   4. The trial justice erred in certain rulings on the admission of evidence and in refusing to grant petitioners' motion to strike testimony tending to show that respondent's incapacity was due to an injury not described in the preliminary agreement.

The decree contains the following findings:   "1. That said respondent is not now disabled from the specific injury described in the preliminary agreement, namely, 'enucleation of left eye—face lacerations.'   2. That said respondent is now totally disabled from a traumatic neurosis which is a consequence of said injury.   3. That said neurosis is real and genuine."

It appears from the transcript that respondent was injured on April 8, 1949 while unscrewing the cap of a fire extinguisher in the performance of his duty as a maintenance man. The cap blew off and struck him in the left eye causing the loss of that eye. Thereafter petitioners agreed to pay compensation for the incapacity thus caused by the injury which was described in the agreement simply as "Enucleation of left eye—face lacerations."

The petitioners are presently paying respondent compensation but now claim that the agreed injury is no longer incapacitating him from earning full wages. They are insisting here, as they did in the superior court, that they are obligated to pay compensation only for such incapacity as is due to the physical injury described in the agreement and not for any neurotic consequences flowing therefrom. The claim is made that it was error for the trial justice, after finding that respondent was no longer incapacitated by the injury described in the agreement, to hold petitioners liable for a traumatic neurosis not described therein, even though such neurosis was a natural consequence of that injury.

The first finding of fact in the decree is not controverted by petitioners. On the contrary they expressly argue that there is legal evidence to support it and therefore such finding is conclusive. That is true and hence we start with the established fact that as far as the physical loss of his left eye is concerned respondent is not incapacitated. The first real question here is whether there is legal evidence to support the second and third findings of the decree. If so the next question is whether or not a traumatic neurosis due solely to respondent's nervous reaction to the loss of his left eye, the physical injury specifically stated in the agreement, is reasonably within the scope of that described injury so as to authorize the superior court to consider it on a petition for review. The reasons of appeal bearing on the evidentiary rulings to which objections were made are necessarily involved in the answer to that question.

This court has reaffirmed the view that the superior court on consideration of a petition to review a preliminary agreement is confined to the specific injury stated therein. *Airedale Worsted Mills, Inc.* v. *Cote,* 75 R. I. 361; *Manville Jenckes Corp.* v. *Lubinski,* 76 R. I. 36; *Peters* v. *Monowatt Electric Corp.,* 78 R. I. 134; *Hanley* v. *Westminster Motors, Inc.,* 80 R. I. 22. In the *Peters* case we made it clear that what we were disapproving in principle in the above cases was the exercise by the superior court, on such a petition, of jurisdiction to hear evidence and to make a finding thereon of a *new and different* injury from the one described in the agreement, and to make an award of compensation for incapacity due solely to such new injury. If there is difficulty with the policy of the law as thus declared, of course that is quite a different matter with which this court is not concerned.

We have no inclination to depart from the law as it has been stated and applied in the above-cited cases. In the *Peters* case we reversed the decision of the trial justice because it was predicated upon a finding of a *new and different* injury from the one for which compensation was agreed to in the preliminary agreement. In the case at bar, as we read the transcript, we do not have a like situation. Here there is no claim of a new and different injury. The claim is of a nervous reaction, a neurosis, due solely to the *same injury* described in the agreement.

Such a condition is not the physical injury itself but a consequence of the injury. A trauma may produce both physical and psychical consequences. Just as pain, lameness, loss of locomotion, and limitation of motion of members of the body are normal physical results of an injury, so a traumatic neurosis may be a natural and proximate psychical result of the violence inflicted on the body by the selfsame injury. On a petition for review, such matters are proper subjects of inquiry, and findings of such consequential psychical effects of the physical injury de-

scribed in the agreement, if based on legal evidence, may be the basis for continuing the agreed compensation even though the physical injury itself is no longer incapacitating. Of course in such a case much will depend upon the care with which the trial justice considers and weighs the medical evidence relating to the alleged neurosis being caused by the injury described in the agreement.

Before the instant case was argued we had occasion to hear another workmen's compensation case in which we decided this identical point. The decision, however, had not then been handed down and it was, therefore, not possible to refer to it upon the argument herein. It has now been filed and we take this occasion to reaffirm what was there said on the particular point which is presently being considered. *Stillwater Worsted Mills* v. *Mehegan,* 80 R. I. 449.

In the case at bar the trial justice therefore did not err in considering evidence of respondent's neurotic condition resulting from the physical injury described in the agreement. For the same reason he did not err in admitting such evidence or in refusing to grant petitioners' motion to strike certain testimony which tended to show that respondent was suffering from a traumatic neurosis directly attributable to such injury.

The final question is whether there was any legal evidence that respondent was totally disabled by the neurotic condition from which the trial justice expressly found he was suffering. Without going into any detailed discussion of the testimony on this point we may say that we have examined the transcript and find that there was some such evidence.

Doctor Barry B. Mongillo, a nerve specialist, testified that respondent could not do regular gainful work because of his neurotic condition. He further testified that he advised respondent to try some light work of a "pleasurable" kind in order to aid him in recovering from his neurosis.

The doctor described such work as not regular gainful employment but something of a light nature which he would like to do. The respondent testified that he went back to his place of employment to try to work but he could not do so. Apparently he was afraid to attempt the work, as he further testified that he said to himself: "I can't go in here; if I work on a machine and my head started going dizzy I'll get caught again."

In that connection the trial justice expressly found "that the traumatic neurosis which this man claims he suffers from is real; that it is completely disabling to him up to the present time, and that his disability to work is genuine; that it is honestly asserted here, and that he is entitled to compensation at the full rate for total disability." Since there is some legal evidence in the record to support those findings we cannot disturb his decision.

The petitioners' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Joseph H. Gainer, Jr.,* for petitioners.

*Thomas H. Needham,* for respondent.