KONSTANTINOS M. MOULIS *vs.* KENNEDY'S, INC.

OCTOBER 27, 1954.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a workmen's compensation case which was fully heard and determined in the superior court and no appeal was taken within the statutory period. It is now before us on the employee's petition, filed in this court September 17, 1953 under the provisions of general laws 1938, chapter 535, §6, asking that he be given leave to file a motion for a new trial on the ground of newly discovered evidence. In addition petitioner also moved to amend his petition by substituting for his original prayer therein a request that for the same reason he be allowed to take an

appeal to this court from the final decree heretofore entered in the superior court.

The record shows among other things that petitioner claims that on April 8, 1950, while working for respondent as a tailor, he injured his back in some manner by bending to pick up material from the floor, thereby causing severe and continuing pain. He was taken at once to the Rhode Island Hospital and remained there until April 14, 1950. Thereafter he was examined by numerous physicians and was also treated at Saint Joseph's Hospital, at the Lahey Clinic in Boston, Massachusetts, and at the Curative Center in Providence, without receiving permanent relief.

Eventually he filed in the department of labor an original petition asking for compensation and for medical expenses. The matter was heard in the superior court in 1952. The trial justice dismissed the petition and a decree to that effect was entered September 19, 1952. That decree contains the following findings: "1. That the sharp pain experienced by the petitioner bending over to pick up wadding on April 8, 1950 did not arise out of and in the course of his employment, connected therewith and referable thereto. 2. Said incident was caused by some condition not definitely proved by the evidence from which petitioner had theretofore been and was then suffering." While the superior court had control of the decree petitioner made no attempt within the time allowed by law to have that court modify or vacate it or reopen the case. On the record therefore the decree became final and binding upon the parties.

General laws 1938, chap. 535, §6, under which petitioner is now proceeding, reads as follows:

"When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it

appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

The petitioner takes nothing by the petition as originally drawn which seeks permission to file a motion for a *new trial*. In *Calcagni* v. *Cirino*, 62 R. I. 49, an equity cause, a petition was filed in this court under the provisions of G. L. 1923, chap. 347, sec. 3 (now G. L. 1938, chap. 535, §6), praying for a new trial on the ground of alleged newly discovered evidence. At that time an appeal was also pending in this court.

In denying the petition we discussed fully the proper procedure under the section in question in cases both at law and in equity, pointing out the difference and the reasons therefor. At page 51 of the opinion the following language appears: "In our opinion, this section should be construed reasonably and in the light of this difference between procedure in equity and at law which is well established by our statutes and settled practice thereunder. So construed, it provides the conditions under which a party in equity who had failed, for any of the reasons set forth in the statute, to claim or prosecute his appeal in time, may petition this court for permission to claim or prosecute such an appeal out of time; and also provides the conditions under which a party in a law action may file or prosecute a bill of exceptions, or motion, or petition for a new trial. In our opinion the general assembly by the language in this statute did not intend to authorize the filing of a petition or motion for a new trial in an equity cause that had been heard and determined any more than it intended to permit the filing of a petition for the right to claim an appeal in a law action."

Furthermore it is well settled that practice in compensa-

tion cases, speaking generally, follows the course of equity. *American Woolen Co.* v. *Grillini,* 78 R. I. 50; *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97. In our opinion, therefore, that principle applies in the present case and the instant petition for permission to file a motion for a new trial on the ground of newly discovered evidence was erroneously filed and cannot be given effect.

But the petitioner, apparently to meet this difficulty, also has filed a motion to amend the petition by substituting for the original prayer a request that for the same reason he be permitted to take an appeal to this court from the decree entered in the superior court September 19, 1952. Assuming that such motion is granted as to amendment it would not serve the petitioner. In the present case no question of accident, mistake or unforeseen cause is urged by him. In pressing his petition he relies only on the claim of evidence allegedly newly discovered.

The affidavits relied on are from petitioner and Dr. William V. Hindle respectively. The petitioner himself was a witness at the hearing in the superior court and his own affidavit adds nothing new which bears upon the pertinent issues raised at such hearing. The affidavit of Dr. Hindle is based entirely on the history given by petitioner and a certain re-examination and operation performed on him, both of which latter facts were subsequent to the hearing.

After examination thereof we are not convinced that in the circumstances the facts alleged in the doctor's affidavit are to be considered as such newly discovered evidence and so material to the pertinent issues that justice requires the granting of the petition as amended. Therefore whether the petition is considered as one for a new trial or for permission to file an appeal solely on the basis of alleged newly discovered evidence it should be denied.

The petition is denied and dismissed.

*Eustace T. Pliakas, James E. Hopkins,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan,* for respondent.