WILLIAM PAUL RICCI *vs.* UNITED STATES RUBBER COMPANY.

JULY 16, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

ROBERTS, J. This is a petition for certiorari to quash certain decrees entered by the workmen's compensation commission in the case of William Paul Ricci v. United States Rubber Company, W.C.C. No. 4679. Pursuant to the writ the commission has certified the records in the case to this court. Upon filing the instant petition for certiorari the respondent moved this court that the operation of the decree of December 11, 1957 be stayed pending a decision on the merits of this petition. This motion was granted.

It appears from the record that the employee filed an original petition for compensation on September 10, 1954, in which he alleged that he had been injured while in the employ of respondent on the "25th day of May" 1954. This became case W.C.C. No. 527 in the files of the commission. The case was heard by a single commissioner during November and December 1954.

At the hearing it was not disputed that the employee had a small lump on his lower back which one of the medical witnesses described as being "about the size of a marble just to the right of the spine, the third lumbar vertebra * * *." The nature and cause of this lump were the subject of conflicting medical testimony. Two doctors testifying on behalf of respondent stated that the lump was a cyst or tumor and was not causally connected with the injury. Two other medical witnesses testifying on behalf of the employee stated that the lump was a muscle herniation and was causally connected with the accident.

In his decision the trial commissioner discussed the nature and cause of this lump and the conflict in the medical testimony relating thereto. He then stated that he found as a fact that the injury had been sustained in the course of the employee's employment and that the injury in part consisted of a muscle herniation. In the decree of the trial commissioner entered on January 7, 1955 the finding as to the injury was set out as follows: "That said injury was a sprain in the lumbo area with a question of ruptured intervertebral disk; also muscle herniation through the sheath of the erector spinae muscles on the right side at the lumbar spine level * * *." The commissioner further found in said decree that the employee had failed to establish a diminution of his earning capacity by reason of the injury and that therefore he was not entitled to any disability compensation.

However, in the said decree the trial commissioner entered an order which reads as follows: "That in the event

petitioner is hospitalized for an operation to correct the muscle herniation or for the purpose of myelography, Respondent shall pay compensation for total disability during such periods of hospitalization and reasonable convalescence, and for reasonable medical and hospital expenses, including surgery for operation to correct the muscle herniation in accordance with the Workmen's Compensation Act."

The respondent appealed from the decree of the trial commissioner, dated January 7, 1955, to the full commission, and on March 14, 1955 a final decree was entered in which the full commission stated: "The findings of fact and the orders contained in a Decree of this Commission entered on January 7, 1955 be, and they hereby are, affirmed."

On January 22, 1955 the employee entered a hospital and submitted to surgery which was performed by Dr. Raymond H. Trott who, as a medical witness testifying on behalf of the employee in W.C.C. No. 527, stated that the lump on the employee's back was a muscle herniation. Thereafter on October 31, 1956 the employee filed with the commission a petition to review, which has become identified as case W.C.C. No. 4679. In that petition the employee alleged his hospitalization and surgery, set out the finding of muscle herniation contained in the decree of January 7, 1955, and said that such finding had been based on the testimony of Dr. Raymond H. Trott.

In the petition it was also alleged:

"3. That it now appears that instead of a muscle herniation, etc., the petitioner was actually suffering from 'Fibrolipoma of the back showing fibroblastic reaction. The histology suggests a lipoma, showing reaction to injury.'

4. That the said condition flows from the injury sustained on May 27, 1954."

Among other things, the petition prayed that "The said Decree be reviewed by this Commission. That a further Decree be entered containing a finding of fact that the lump

on petitioner's back was caused by the injury sustained on May 27, 1954."

At the opening of the hearing on the petition to review, the employer moved that the petition be dismissed on several grounds. The trial commissioner denied the motion and proceeded to take testimony in the case. At the hearing Dr. Trott testified that when he operated on the employee's back he "found a soft tissue tumor there." He also testified that in his opinion "the tumor was there before the injury, but became symptomatic and painful as a result of injury—aggravated, by injury." Doctor Trott further testified that the lipoma which he had removed was the lump which he had previously described as a muscle herniation. Doctor Herbert Fanger, a pathologist attached to the hospital staff, testified that he had examined the lipoma removed from the employee's back; that lipoma is a fatty tumor; and that "The histology suggests a lipoma showing reaction to injury."

On June 24, 1957 the trial commissioner entered a decree in which he found as follows: "The injury sustained by the petitioner on May 27, 1954, namely, a sprain in the lumbosacral area, aggravated a pre-existing condition, namely, a lipoma, and caused the lipoma to become symptomatic." The decree also ordered the employer to pay for the medical and hospital expenses of the employee incurred by him between January 22 and April 17, 1955; to pay compensation for total disability from January 22 to February 23, 1955; and to pay compensation for partial disability from February 23 to April 17, 1955.

The employer appealed from this decree of the trial commissioner to the full commission. After a hearing thereon the full commission on December 11, 1957 entered a decree in which it found as follows:

"The petitioner has proved by a fair preponderance of the evidence that he was totally incapacitated from performing his regular work on account of the conse-

quences of the injuries he sustained on May 27, 1954 for the following periods of time: total incapacity from January 22, 1955 to February 22, 1955 and partial incapacity from February 23, 1955 to April 17, 1955."

Thereafter on December 18, 1957 the employer filed in this court its petition for the instant writ of certiorari and also its motion to stay the operation of the decree of the full commission.

The employer argues at great length concerning what it alleges are defects in the proceedings of the commission on the petition presented to it and with respect to the errors which it charges the commission made in passing on the issues raised. It argues in substance that the petition filed by the employee is not a petition to review incapacity but is in fact a petition to the commission to redecide an issue raised in a prior hearing.

We have held that compliance with the provisions of general laws 1956, §28-35-45, is necessary to confer upon the commission jurisdiction to review incapacity. *E. Turgeon Construction Co.* v. *Andoscia,* 79 R. I. 347, 348. But compliance therewith does not require a technical precision in the pleadings employed to invoke the provisions of that section. We have held that a petition for review was adequate to invoke the jurisdiction conferred upon the commission in that section when "it is on a printed form furnished by the department of labor, is signed by the petitioner, and asks for a review of his incapacity." *Mondillo* v. *Ward Baking Co.,* 73 R. I. 473, 477. While we do not approve of the filing of faulty petitions, we are of the opinion that the petition in W.C.C. No. 4679 is adequate to invoke the jurisdiction of the commission to review.

The real question raised here is whether the commission may in an exercise of that jurisdiction amend its prior decree so as to correctly describe a misdescribed injury. The language of the statute, §28-35-45, providing for review reads in part as follows:

"At any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten (10) years thereafter, any agreement, award, order, finding, or decree may be from time to time reviewed by the workmen's compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage. Upon such review the workmen's compensation commission may decrease, suspend, increase, commence or recommence compensation payments in accordance with the facts, or make such other order as the justice of the case may require."

In several cases we have consistently held that under the statute the authority of a court when reviewing a preliminary agreement is limited to a consideration of the injury contemplated by the parties when they entered into the agreement. It is clear from an examination of the statute that the provisions for review relate with equal force to agreements and also to decrees for compensation. We shall proceed then on the assumption that the decrees under consideration here will be subject to the same limitations as are laid down in prior cases concerning agreements.

An examination of the section above quoted also reveals that while the grounds for review pertinent in this case are "that the incapacity of the injured employee has diminished, ended, increased or returned," it also makes further provision: "Upon such review the workmen's compensation commission may decrease, suspend, increase, *commence* or *recommence* compensation payments * * *." (italics ours) The use of the words *commence* and *recommence* with reference to compensation payments upon review is significant and clearly implies a legislative intention to confer author-

ity upon the commission to review a decree on the ground that compensable incapacity has begun. It is our opinion that the commission has authority to review a decree in cases where the infliction of the injury to the employee was not followed immediately by compensable incapacity and that the commission in reviewing the instant decree was acting within the jurisdiction conferred by the act.

We now turn to the question of whether the commission in its instant finding concerning the nature of the injury sustained by the employee was redeciding the petition filed in W.C.C. No. 527. In every case where a review has been sought under the statute quoted, and where an attempt was made to show incapacity resulting from an injury which was a new or different injury from the one specifically described in the agreement, we held that the reviewing court was without authority under the statute to go beyond the specific injury stated in that agreement. *Airedale Worsted Mills, Inc.* v. *Cote,* 75 R. I. 361; *Manville Jenckes Corp.* v. *Lubinski,* 76 R. I. 36; *Peters* v. *Monowatt Electric Corp.,* 78 R. I. 134; *Wanskuck Co.* v. *Puleo,* 78 R. I. 447. In each of those cases a specific injury was described in the agreement which differed from the injury to which the incapacity was attributed.

However, after those cases were decided we considered the case of *Hanley* v. *Westminster Motors, Inc.,* 80 R. I. 22. In that case we were confronted with a situation in which a preliminary agreement had been entered into by the parties wherein no specific injury had been described. We recognized that this situation was clearly distinguishable from those in the cases above cited, and we held that the employee in those circumstances "was entitled on review of the preliminary agreement to show, if he could, the specific nature of the injury" that had not been described in the agreement.

In the instant case we are confronted with a situation in which the injury sustained by the employee was misde-

scribed in the decree. The employee clearly is not attempting to recover compensation for incapacity resulting from an injury different from that which was described in the decree. He is attempting to recover compensation for incapacity which results from the injury which he sustained in the industrial accident. The authority to determine such an issue is, in our opinion, within the review jurisdiction conferred upon the commission by §28-35-45 of the act. We think that in these circumstances an injured employee should be entitled to show on review, if he can, that his incapacity results from the injury which he sustained and that such injury was misdescribed in the decree.

We take the position that the commission has acted in this case to review the incapacity of the employee and that the decision entered in W.C.C. No. 4679 decides the status of the employee's incapacity as of that time. The finding in the decrees entered therein concerning the nature of the injury does not constitute a redecision of the original petition heard in W.C.C. No. 527. Because we take this view, we feel that the petition for certiorari should be denied.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are ordered sent back to the workmen's compensation commission with our decision endorsed thereon.

CONDON, C. J., dissenting. I am constrained to dissent because I am of the opinion that the alleged petition for review is not authorized by general laws 1956, §28-35-45, under which it purports to be brought, but is in reality designed to reopen the hearing on the original petition to enable the trial commissioner to correct the error which he made therein. This court has heretofore consistently held that a petition for review under the above section of the workmen's compensation act must be confined within the limits expressly set out in that section. See *Moulis* v. *Kennedy's, Inc.*, 82 R. I. 364; *Priscilla Worsted Mills* v. *Vizzacco*, 80 R. I. 342; *E. Turgeon Construction Co.* v. *Andos-*

*cia,* 79 R. I. 347; *Day* v. *Almac's Inc.,* 79 R. I. 357. If a broader right of review is desired it may properly come only by an act of the legislature and not by judicial fiat. However appealing to our sense of justice the facts of the instant case may be, it is not within our province to grant relief where the law does not authorize it. The power to amend the law so that it will afford the relief sought here lies elsewhere.

I must express my disagreement with the majority view that *Hanley* v. *Westminster Motors, Inc.,* 80 R. I. 22, is authority for their decision in the instant case. In the *Priscilla Worsted Mills* case, this court distinguished the *Hanley* case. In that case the specific injury was not described but only the area of the employee's body where the injury was located. On the contrary, in the instant case the specific injury is described in the decree and the employee is seeking to show under his petition for review that he was incapacitated by a different injury. The discussion in each of the above-cited cases clearly points out that this may not be done under such a petition.

Therefore I would grant the petition for certiorari and quash the record in W.C.C. No. 4679 on the ground that the workmen's compensation commission was without jurisdiction under the petition therein filed to reverse or modify its final decree in W.C.C. No. 527.

ANDREWS, J., concurs in this dissent.

*Marcello A. Tropea, Anthony Grilli,* for William. Paul Ricci.

*Ambrose W. Carroll,* for United States Rubber Company.