STILLWATER WORSTED MILLS, INC. *vs.* ROSE MEHEGAN.

JULY 3, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employer's petition to review a preliminary agreement for compensation for total incapacity under the workmen's compensation act. After a hearing in the superior court the trial justice found that respondent was no longer incapacitated by the injury described in the agreement. A final decree expressly ending compensation was thereupon duly entered. From that decree respondent has appealed to this court.

According to the agreement respondent was injured by an accident arising out of and in the course of her employment on September 2, 1944 while "cleansing a doubler" and her injury was described as "cut and bruise to left hip." The petitioner contended in the superior court that such injury had ceased to incapacitate respondent and in support of that contention introduced in evidence, without objection, the reports of a number of doctors who had examined her. It appeared from those reports that respondent's physical injury had fully healed and, in the opinion of the doctors, she was no longer incapacitated thereby. However, some of the doctors expressed the opinion that she was suffering from psychoneurosis, hysteria, or a combination of a neurosis and an anatomic lesion and that she required psychotherapy treatment.

The respondent testified that she still suffered the same pains in the region of her left hip that she first felt when

she was injured and that she had consulted various doctors seeking a cure, but without success. She admitted, however, that the cut and bruises had healed although she felt some soreness and tenderness there. She further testified that she wanted to return to work and would take a job if she were able to do it but that she could not because of her pains.

On this evidence the trial justice expressly found "that the cut and bruise to her left hip has been completely healed and that if she is suffering from any other consequence of the injury of September 2, 1944 it is something in addition to the cut and bruised left hip." He further stated: "By the overwhelming weight of testimony here her present condition is a neurotic condition and there is nothing about a neurotic condition in the preliminary agreement that I'm reviewing, nor in any of the previous preliminary agreements." Based on those findings and relying on his interpretation of the law as laid down in *Peters* v. *Monowatt Electric Corp.*, 78 R. I. 134, he decided that petitioner had established "that the consequences of the injury, whose consequences it agreed to sustain, have terminated, and that if the respondent is suffering from any other consequence of this injury it will have to be established under another petition."

The respondent contends that the trial justice erred in so deciding because he misconceived the applicable law. The *Peters* case, she argues, does not apply to varying consequences of the same physical injury but only to a new and different injury. Here, she contends, the evidence shows a disabling psychoneurotic condition that is a residual effect of the same injury described in the agreement and not of a new and different injury. On that view of the law she claims that the petition should have been denied since the trial justice was convinced by the overwhelming weight of the testimony that she was suffering from a neurotic condition.

In answer to those contentions petitioner makes two points: First, that the trial justice did not find that the neurotic condition was caused or grew out of the specific injury described in the agreement; secondly, that the trial justice did not err in deciding that respondent was no longer incapacitated by such injury. Under its second point petitioner contends, as we understand it, that the facts in evidence in the instant case bring it within the rule of *Peters* v. *Monowatt Electric Corp., supra,* and that the trial justice was therefore not in error in disregarding the evidence of respondent's neurotic condition as not relating to the injury specifically described in the agreement.

The conflicting contentions of the parties raise two issues. First, on a petition for review of a preliminary agreement may the employee show that she is still incapacitated by reason of a psychoneurosis resulting from the physical injury described in the agreement even though the neurotic condition itself is not specifically mentioned or otherwise referred to therein? Secondly, if that question is answered in the affirmative did the trial justice in the case at bar err in not finding on the evidence before him that respondent was still incapacitated by reason of her neurotic condition?

In the *Peters* case the employee under her petition for review was seeking to establish incapacity by reason of *a new and different physical injury* from the one specifically described in the preliminary agreement. We held that there was no provision in the law that authorized the trial justice to consider evidence of such an *additional* injury on a petition for review and that if the employee claimed that she was incapacitated by such an injury she should bring an original petition for compensation. We reaffirm that view. But in the instant case we are of the opinion that a different situation exists to which the holding in the *Peters* case is not applicable.

Here respondent, in resisting the employer's petition for review, does not claim continuing incapacity because of a

new and different injury not described in the preliminary agreement. On the contrary she claims that her incapacity is due to the aftereffects of the same injury which are manifesting themselves in the form of a psychoneurosis or hysteria. The law recognizes what medical science has established, namely, that a physical injury may have psychical as well as physical effects of an incapacitating nature. *Wareham* v. *United States Rubber Co.*, 73 R. I. 207; *Eaves* v. *Blaenclydach Colliery Co., Ltd.*, [1909] 2 K. B. 73; *Hunnewell's Case*, 220 Mass. 351; *Holobinko* v. *Moshannon Smithing Coal Co.*, 145 Pa. Super. 489. Therefore, it is not evidence of a new and different injury when the employee is permitted to show that she is incapacitated by a neurotic condition growing out of and related to the physical injury described in the agreement.

The evidence of respondent's neurotic condition is contained in the medical reports which were introduced by petitioner. There is, therefore, no element of surprise to the petitioner in this evidence. The respondent is entitled to derive what benefit she can from those reports, although it may appear from her own testimony that she did not originally rely upon evidence of a neurotic condition in resisting petitioner's claim that she was no longer incapacitated.

In the case at bar the trial justice declined to consider the evidence of respondent's neurotic condition under his conception that the law precluded her from relying upon such condition in the absence of a specific reference thereto in the preliminary agreement. Hence, although we have the benefit of his view that the overwhelming weight of the testimony shows that respondent is suffering from a neurotic condition, he made no finding of fact that such condition grew out of or was caused by the injury described in the agreement and was incapacitating her totally. The respondent is mistaken in assuming that the trial justice's decision contains statements that are tantamount to such a

finding. It is true that he characterizes the evidence as strongly preponderant of a neurotic condition but that is as far as he goes and no such finding is in the decree.

In the circumstances that is not enough to enable us to dispose of the case finally. Before we can make such a determination there must be a finding on the evidence by the trial justice as to whether or not such neurotic condition was caused by or grew out of the injury and if so, whether it is incapacitating in whole or in part. It is not within the province of this court to make such findings. Our duty therefore is to remand the cause to the superior court for it to make findings of fact pursuant to the exclusive jurisdiction vested in that court by the workmen's compensation act.

The respondent's appeal is sustained on the ground that the trial justice misconceived the applicable law, and the cause is remanded to the superior court with directions to consider the evidence of respondent's neurotic condition in accordance with this opinion, to make appropriate findings of fact on such evidence, and to enter a new decree based on those findings of fact together with other findings heretofore made.

*Boss & Conlan, John T. Keenan,* for petitioner.
*Aram A. Arabian,* for respondent.