NARRAGANSETT HOTEL, INC. *vs.* GIOVANNI MALLOZZI.

MARCH 19, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is an employer's petition to review a preliminary agreement for compensation for total incapacity under the workmen's compensation act, general laws 1938, chapter 300.   After a hearing *de novo* in the superior court a justice thereof found that the respondent was no longer incapacitated by reason of the injury described in the agreement and he suspended further payments of compensation.   From the entry of a decree to that effect the respondent has appealed to this court.

It appears from the record that respondent was employed by petitioner as a waiter and on January 27, 1952, while attempting to lift a table he sustained an injury to his lower back which totally incapacitated him.

The respondent states several reasons in his appeal, including two objections to evidentiary rulings.   However, only two of such reasons have been briefed and argued and therefore the others are deemed to be waived.   The respondent's first contention is that the decision is not supported by any legal evidence in that the trial justice misconceived the evidence on three grounds:   First, that he erroneously took into consideration a lump sum settlement which had been received by respondent for a previous injury to his leg, concerning which there was no evidence at the hearing of the instant case; second, that the finding of fact by the trial justice was contrary to certain testimony given by Dr. A. A. Savastano, one of petitioner's witnesses; and third, that no evidence was presented by petitioner to show that respondent was capable of working at his job as a waiter or at any other kind of employment that it could offer him.

We cannot agree with the first ground of the above contention. The trial justice did not permit the introduction of the entire record of the previous case, but did allow respondent to be examined with reference to certain statements previously made by him concerning the time when he returned to work for petitioner after he had secured the lump sum settlement. Such testimony was allowed as bearing on the credibility of the witness and to show that his earlier statements were inconsistent with his testimony in the instant case.

The record shows that respondent secured a lump sum settlement of $3,250 on December 21, 1949. He testified before the director of labor that he returned to work for petitioner three or four months after this settlement was made. In the superior court he testified that he resumed his former work about six or seven months thereafter. In contradiction of such testimony petitioner presented its bookkeeper to show that respondent returned to work January 22, 1950, only one month and one day after receipt of the lump sum settlement.

In these circumstances we are of the opinion that such testimony was properly admitted by the trial justice as bearing upon the credibility of respondent. But in any event it was proper to consider such evidence because it was contained in the transcript of the testimony given before the director of labor, which was introduced as petitioner's exhibit 2 with respondent's consent. Counsel for the latter observed: "I am willing to have the whole transcript admitted in evidence in this case." Therefore respondent cannot now object to the consideration by the trial justice of the evidence therein contained, nor to any cross-examination with reference thereto.

Since the second and third grounds of respondent's first contention relate to the alleged absence of evidence to sustain the finding of fact contained in the final decree, we shall consider them under his second reason of appeal.

The respondent contends that the decision is against the law and the evidence and the weight thereof. It is well settled by numerous decisions of this court that, in the absence of fraud, findings of fact by a trial justice in compensation cases are conclusive and binding upon us. No fraud being claimed in the instant case we have carefully examined the record, not to weigh the evidence or to pass on the credibility of the witnesses, but to determine whether there was legal evidence to support the finding of fact made by the trial justice.

Doctors Louis J. Cella, Bernard I. Sherman, and Arthur E. Martin testified in effect that respondent was unable to return to his work as a waiter. Doctor Sherman stated that after his first examination he found no objective symptoms but that respondent's symptoms and complaints were wholly subjective. Doctor Martin, who examined respondent at his office on October 21, 1952, testified that all of his complaints and symptoms were subjective and he took the patient's word with reference to all his statements and complaints.

Doctor Savastano, upon whose testimony the trial justice strongly relied, as appears in his rescript, testified that he examined respondent at various times from March 12 to September 17, 1952; that at the examination of April 22, 1952 he found nothing organically or orthopedically wrong with him; and that on May 16, 1952 he had suggested to respondent that he should return to light work. He entertained the same opinion after his examination of September 17, 1952. Although at the hearing Dr. Savastano testified that he could find nothing wrong with respondent, he later qualified such testimony by stating that he was of the opinion he could do light work, which he would have to pursue for four to eight weeks before he could go back to his job as a waiter. But neither Dr. Savastano nor any other witness testified categorically that respondent was then able to return to his regular work as a waiter. Nor

was there any testimony that petitioner had offered to provide him with his regular job or a lighter one. The testimony of respondent that he had tried unsuccessfully to secure light work elsewhere was not contradicted.

From a careful reading of the transcript we find no legal evidence to support the finding of fact by the trial justice that the incapacity of respondent at that time had wholly ceased. We are of the opinion that, on the facts and circumstances appearing herein, the trial justice should have found that he was still partially disabled and therefore, since there was no evidence that a job was offered or available to him by which the extent of his partial incapacity could be measured, respondent is entitled to be compensated at the rate of maximum partial incapacity until he recovers completely, finds a position which he can fill, or until one is offered to him by petitioner or someone else.

We point out, however, that respondent is not in a position to remain inactive and that he is under a duty to cooperate in good faith in an attempt to obtain such employment as he may presently be capable of performing. If he is not cooperative in this respect he runs the risk of having his compensation suspended by the superior court on petition of his employer.

The respondent's appeal is sustained, the decree appealed from is modified as above set forth, and the cause is remanded to the superior court for entry of a new decree in accordance with this opinion.

*Adler & Zucker, Martin M. Zucker,* for petitioner.

*John DiLibero,* for respondent.