IRVING BULLOCK *vs.* UNITED STATES RUBBER COMPANY.

AUGUST 10, 1954.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This is an employee's original petition to obtain workmen's compensation under general laws 1938, chapter 300. After a hearing in the superior court the trial justice granted the petition and a final decree was entered awarding the petitioner compensation for total incapacity at the rate of $28 per week from August 1 to November 24, 1952 and also ordering the respondent to pay certain medical and other expenses. The case is before us on the employer's appeal from the entry of such decree.

The petition alleges that the employee suffered a compensable injury while "Dipping reels into carbon tetrachloride" and that the injury was "Damaged kidneys and heart and entire body affected as result of exposure to carbon tetrachloride."

It appears in evidence that petitioner's regular work was that of a freight handler. On August 1, 1952 he was assigned with two other men to clean reels. He had never done this kind of work before. A fifteen-gallon drum which contained carbon tetrachloride was near a large double door in the basement of respondent's factory. It was a warm day and the double door, which led to the street, was open. The reels to be cleaned were on a palette near the drum of carbon tetrachloride and the work took about four and one-half hours. The petitioner testified that in the beginning he put the reels into the drum and when he got through he pushed or rolled them over to another employee. The latter then passed them on to a third employee, who placed them on another palette after they were cleaned.

The petitioner had a sandwich, a cucumber and a bottle of beer for his lunch. About three o'clock he started to get nauseated and at about 4:30 o'clock he vomited. After he got home he had continuous vomiting spells and could

not retain water in his stomach. He consulted Dr. Robert Drew, who treated him a few times at home and on August 12, 1952 sent him to the Rhode Island Hospital. The petitioner was discharged therefrom on September 5 and returned to his regular job with respondent on November 24, 1952 at a higher rate of pay and continued to work thereafter with no loss of earnings.

The respondent has filed numerous reasons of appeal, including exceptions to many evidentiary rulings made during the hearing. Six of these, however, were waived in open court. Among the remaining rulings was one admitting in evidence petitioner's exhibit 2. This was a letter from The Truesdale Hospital, Inc. of Fall River, Massachusetts, dated August 21, 1952 and directed to Oliver G. Pratt, executive director of the Rhode Island Hospital. The letter was headed: "Abstract: Irving Bullock 104 Birch Swamp Road Warren, Rhode Island," and purported to be a record concerning the diagnosis and treatment of petitioner while a patient at Truesdale Hospital from September 26 to September 30, 1951, more than ten months before the accident and injury complained of in the instant case.

Doctor Michael G. Pierik, who testified that petitioner's incapacity was caused by carbon tetrachloride poisoning, stated that his opinion was based at least in part on such report of the Truesdale Hospital. The respondent contends, therefore, that it was error to admit petitioner's exhibit 2 in evidence, and that Dr. Pierik's opinion should be disregarded and his testimony stricken from the record.

We agree with respondent's contention that petitioner's exhibit 2 was wrongfully admitted. With reference thereto Eleanor Murphy, assistant record librarian at the Rhode Island Hospital, testified: "It is not part of the Rhode Island Hospital record." Since it was not a part of such record, it should have been introduced, if relevant, through some person properly authorized by the Truesdale Hospital. As this was not done it was error to allow the introduction

of petitioner's exhibit 2, and so much of Dr. Pierik's opinion as was based thereon should have been stricken from the record and disregarded by the trial justice in his appraisal of the testimony.

In our opinion, however, the rulings complained of did not constitute prejudicial error but only affected the weight of the testimony. There was other independent testimony in the record, aside from that of Dr. Pierik, to support the conclusion of the trial justice that petitioner's incapacity was the result of carbon tetrachloride poisoning. Doctor Robert Drew, who first treated petitioner shortly after his injury, testified positively: "I think I can give an opinion. It's my belief that the toxicity due to carbon tetrachloride is due to inhalation in the cases where there is kidney damage involved and it's my opinion that there was sufficient exposure from the history to justify a diagnosis of carbon tetrachloride poisoning."

In compensation cases we do not weigh the evidence or pass on the credibility of the witnesses. Under the statute findings of a trial justice based upon legal evidence are conclusive. In the instant case there is legal evidence to support the findings and therefore we cannot disturb them.

From our examination of the other evidentiary rulings complained of, we are of the opinion that some of them restricted the respondent too narrowly in its cross-examination. However, in several of these instances the questions thus disallowed by the trial justice were later repeated in substance and answered without objection. In any event we find no reversible error in any of such evidentiary rulings. Further although respondent introduced no medical testimony to refute that of petitioner it was not deprived of any opportunity to do so and in our opinion respondent received a fair trial.

From our independent examination of the transcript we find legal evidence to sustain each of the findings of the trial justice contained in the decree appealed from. There-

fore under the statute and our well-settled rule we cannot disturb them.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Ambrose W. Carroll,* for petitioner.

*Michaelson & Stanzler, Milton Stanzler, Jr.,* for respondent.