MICHAEL LAPTEW *vs.* MOORE FABRICS, INC.

JUNE 21, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an employee's petition to review a preliminary agreement on the grounds of his decreased earning capacity and need for additional medical treatment in excess of the maximum. The case is here on the petitioner's appeal from a decree of the workmen's compensation commission affirming a decree of a single member of that commission which contains the following findings: "1. That

there has been no decrease in the petitioner's earning capacity since the Decree of this Commission on October 29, 1954. 2. That the petitioner is in need of medical treatment in excess of the maximum."

Under his appeal petitioner objects only to the first finding and raises no question as to the second. He contends that the commission's decision as to his diminished earning capacity was contrary to the facts in evidence; that since his physical condition at the time of the hearing as compared with it at the time compensation was suspended had not changed for the better he was entitled to compensation as a matter of law; and that the order denying such compensation is contrary to law and equity, since it is based solely on his earning capacity without giving any consideration to his physical condition.

In his brief petitioner has summarized his reasons of appeal under two headings: 1. The commissioner erred as a matter of law in deciding that there was no change in the petitioner's weekly wages due to his physical condition. 2. The commissioner erred in denying him partial compensation due to decreased earning capacity. He has argued such contentions substantially together, hence we shall discuss them here more or less in the same manner.

The petitioner is a weaver in respondent's mill. On December 19, 1950 he received an injury arising out of and in the course of his employment which incapacitated him totally until July 25, 1952. Under a preliminary agreement dated January 10, 1951 respondent paid him total compensation for such incapacity until he returned to work in July 1952 when, by a further agreement, it was reduced to partial incapacity. On October 29, 1954 a decree based on respondent's petition for review was entered suspending all compensation because petitioner was then earning weekly wages in excess of his average weekly wage of $86.11 at the time of his injury. Upon his return to work petitioner was given certain looms which were easier to operate than

those he had been operating before he was injured. As a result, notwithstanding his admittedly partial physical incapacity, he was soon able to earn more than his former wages. However, a few months after all compensation was suspended he was taken off those looms and given others to operate at which he was unable to earn a weekly wage equal to $86.11. He claims this was due to his impaired physical condition.

As a result of this treatment petitioner brought the instant petition for review claiming thereunder that this action of respondent had the effect of restoring his, petitioner's, right to an award of partial compensation as long as he was deprived of an opportunity to operate looms from which in his physical condition he could earn as much as or more than his average weekly wage. The respondent opposed such contention chiefly for the reason that petitioner had not been arbitrarily taken off such looms but had been transferred as punishment for repeated bad work.

The petitioner did not deny such charge but sought to raise an inference that he was transferred for other reasons which are not clear to us from a reading of the transcript, but which seem to suggest bad faith on the part of respondent after it had obtained the decree suspending all compensation. In any event it appears that the commission fully considered this theory of petitioner and rejected it entirely. They expressly found that he had suffered no decrease in his earning capacity as a result of his physical condition growing out of his injury and that his diminished wages were due solely to disciplinary action by respondent because of petitioner's carelessness in operating the looms which resulted in bad work at respondent's expense. We have carefully examined the transcript and we are satisfied that there is evidence to support such findings. The findings of fact being based on some substantial evidence are final and this court is without authority to disturb them. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181.

The petitioner appears to make the further claim, if we understand him correctly, that the commission erred in denying him compensation solely because of his demonstrated earning capacity without taking into consideration the evidence that he was still partially disabled physically. There is no merit in such contention. Our workmen's compensation act provides for compensation only for injuries which incapacitate the workman from earning full wages.

As we view the evidence here the petitioner's admittedly partial physical disability was not the cause of his decreased earnings. Such earnings were due to his being transferred to looms which apparently he found were less productive on a piecework wage basis than those on which he was working before his employer found it necessary to discipline him for his carelessness resulting in bad work. In this respect his situation is not at all like the employee's in *Rau Fastener Co.* v. *Carr*, 74 R. I. 284, upon which he relies. There is no merit, therefore, in petitioner's contention that the commission erred as a matter of law in finding that there was no change in his weekly wages which was due to his physical condition.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Nathan Perlman, Marcello A. Tropea,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.

