JOSEPHINE DE CONTI *vs.* A. D. JUILLIARD & CO., INC.

JUNE 6, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's petition to amend a preliminary agreement for workmen's compensation brought under the provisions of general laws 1938, chapter 300, article III, §1, as amended by public laws 1949, chap. 2272. After a hearing before the workmen's compensation commission a decree was entered denying and dismissing the petition. From that decree the petitioner has appealed to this court.

The petitioner was injured in the course of her employment with respondent on January 24, 1951. On February 5, 1951 the parties entered into a preliminary agreement which provided for compensation for total incapacity. The employee's injury was described therein as "Marked ecchymosis and hematoma over left hip. Ecchymosis of right shin." Sometime thereafter the employer petitioned for a review of the preliminary agreement on the ground that the employee was no longer incapacitated by reason of the injuries set out therein. On January 22, 1954 this court affirmed a decree of the superior court suspending further payments of compensation on the ground that the em-

ployee was no longer incapacitated by reason of the injury described in the preliminary agreement. *A. D. Juilliard & Co.* v. *De Conti,* 81 R. I. 260.

During the pendency of that appeal in this court the employee on October 2, 1953 filed the instant petition to amend the description of her injury in the preliminary agreement by adding thereto the words "low back injury and strain." She alleges in substance that the words of the proposed amendment were not included in the description of the injury set out in the preliminary agreement "because of an incorrect and incomplete diagnosis at the time said agreement was entered into." The director of labor in December 1953 granted the employee's petition to amend the preliminary agreement, and this decision was appealed to the superior court by the employer.

After the workmen's compensation commission was created, the appeal of the employer from the decision of the director granting permission to amend the agreement was transferred to that commission from the superior court. It was heard before a single commissioner and a decree was entered on October 27, 1955 denying and dismissing the petition. From this decree the employee appealed to the full commission who, after a hearing, entered a decree on March 22, 1956 affirming the decree of the single commissioner. The case is before us on petitioner's appeal from that decree.

Public laws 1949, chap. 2272, provides in part that where a preliminary agreement has been entered into concerning compensation and "the agreement, due to accident, mistake, unforeseen cause or due to failure to correctly diagnose the injury, fails to set out correctly all the injuries received by the injured employee or fails to set out all parts of the body affected by such injuries * * *," the agreement upon proper proof may be amended to show all of the injuries received by the employee. During rebuttal argument before us petitioner stated that she was seeking to amend

the preliminary agreement solely on the ground of an incorrect diagnosis. In view of this we need not consider several contentions raised by petitioner as to her lack of understanding of what went on during the preparation of the agreement or the meaning of the medical terms used therein.

In these circumstances the sole question before us is whether she proved that when she was injured on January 24, 1951, she sustained a low back strain in addition to the injuries set out therein. To be entitled to amend the preliminary agreement without the consent of the other party thereto, petitioner has the burden of proving by clear and convincing evidence that she sustained a low back strain on January 24, 1951 and that such injury was omitted from the preliminary agreement because of a failure to correctly diagnose her condition. *DeFillipo* v. *Gilbane Building Co.,* 79 R. I. 462.

It is essential in these cases to prove that the injury allegedly omitted in the preliminary agreement was in fact sustained. In the absence of such proof it cannot be found that the injury was omitted from the agreement by reason of an incorrect diagnosis. In this case four medical witnesses testified on this question, and their testimony as to whether petitioner had sustained the low back strain when she fell on January 24, 1951 was in sharp conflict. In such circumstances, under our statute the finding of the trial commissioner, if supported by any legal evidence, is binding and conclusive on this court in the absence of fraud. *Laptew* v. *Moore Fabrics, Inc.,* 84 R. I. 280, 123 A.2d 398; *Bullock* v. *United States Rubber Co.,* 82 R. I. 308, 107 A.2d 424.

However, petitioner argues that there is no legal evidence to support the decision of the trial commissioner and thus raises a question of law which this court will review. We will examine the record for the sole purpose of determining whether there is any legal evidence to support the finding

in question. *Burns* v. *Rhode Island Tool Co.,* 79 R. I. 169, 173. As we understand it, petitioner's argument is that the occurrence of the injury is established by the medical testimony adduced in her behalf. The evidence tending to contradict this, coming from respondent's medical witnesses, in her view fails to impair the weight to be given to the testimony of her medical witnesses.

Apparently she feels that the competency of respondent's medical evidence is destroyed because one of its medical witnesses admitted that in examining petitioner he did not make two tests which she claims are standard medical tests for the determination of the existence of a back injury. She argues that respondent's medical testimony was weak and inconclusive and does not detract from the weight of medical evidence adduced in her behalf. In our opinion this argument goes only to the weight thereof. The petitioner has not directed our attention to anything that affects the competency of respondent's medical evidence. On the contrary, our examination of the transcript convinces us that such evidence is competent and constitutes legal evidence that supports the decree of the full commission affirming the decree of the single commissioner.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

FLYNN, C. J., did not participate in the decision.

*Grande & Grande,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.