SCHOOL HOUSE CANDY CO. *vs.* LENA FERRUCCI.

JULY 10, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

110

ROBERTS, J. This is an employer's petition brought under the provisions of general laws 1956, §28-35-45, for review of a preliminary agreement which provided for the payment of compensation for total incapacity. The case was heard by a trial commissioner who thereafter entered a decree wherein he found among other things that the employee's total incapacity had terminated but that she remained partially incapacitated. This decree was affirmed by a decree of the full commission entered on October 15, 1957. The case is before this court on the employee's appeal from that decree.

It is not disputed that she injured her right elbow when she fell while employed by petitioner on November 13, 1956. The preliminary agreement above referred to was entered into thereafter. On June 10, 1957 the employer filed this petition to review, and after a hearing thereon a decree was entered. The findings contained in that decree are to the effect that the employee was no longer totally disabled but remained partially disabled; that the employer had offered her suitable work which she was able to perform; and that she had an earning capacity of $40 weekly. The decree then ordered the employee to report for work at petitioner's plant within ten days after the entry thereof, and it modified the preliminary agreement so as to provide for payment of compensation for partial incapacity in an amount not to exceed $2.53 weekly. As above noted, this decree was affirmed on appeal by the full commission.

The employee contends, in the first place, that there is in the record no legal evidence which supports the findings in the decree that her incapacity had been reduced to partial and that the employer had offered her suitable work which she could perform. We have examined the record and we are of the opinion that, while the evidence on these questions is conflicting, there is evidence both direct and inferential from which it could be found that the employee

was no longer totally disabled but remained partially disabled and that the employer did offer her suitable work which she had sufficient capacity to perform. Where the commission on conflicting evidence makes findings of fact, these are binding and conclusive on this court in the absence of fraud. *De Conti* v. *A. D. Juilliard & Co.,* 85 R. I. 424, 132 A.2d 74.

However, there remains the question of whether the commission erred in finding that the employee had an earning capacity and in establishing its value at $40 weekly. The respondent employee contends that in the circumstances here it was the duty of the commission to continue the case for a reasonable period of time so that the employee could attempt to perform the work offered her and that during such trial period she continue to be paid compensation for total incapacity. We do not agree with this contention.

The authority of the commission to establish the earning capacity of a partially incapacitated employee on the basis of evidence adduced for that purpose is conferred by G. L. 1956, §28-33-18. It is therein provided that the commission may "fix the dollar value of the weekly earning capacity" in cases in which an injured employee who is partially incapacitated "is unable to obtain any work to determine his earning capacity or to prove the amount of his loss of earning capacity with reasonable definiteness * * *." This is not what the commission did in the case at bar. In this case light work has been made available for the injured employee, and it is her obligation to be cooperative and to make a reasonable attempt to perform that work. *Atlas Tool & Findings Co.* v. *Duffy,* 81 R. I. 61.

Here we have a situation in which the commission was presented with competent evidence which established that the injured employee could perform the specific kind of light work which the employer offered her. Further evidence was presented to establish the wages paid for the various light jobs offered her. On the basis of such evidence

the commission made findings concerning the extent of her partial incapacity and earning capacity. It is well established that when the commission makes findings based on competent evidence, such findings are binding and conclusive upon this court in the absence of fraud. *Girard* v. *United States Rubber Co.,* 85 R. I. 477, 132 A.2d 831. There was no error in the commission's action in so doing and in the circumstances it is the duty of this employee to attempt in good faith to perform the specific work which has been offered her by the employer and which the commission has found she is able to do. *Atlas Tool & Findings Co.* v. *Duffy, supra.*

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*DiMascolo & DiPetrillo,* for petitioner.

*John Quattrocchi, Jr.,* for respondent.