KAISER ALUMINUM & CHEMICAL CORPORATION *vs.*
GUISEPPE POMPEI.

JUNE 14, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an employer's petition brought under the provisions of general laws 1956, §28-35-45, to review a preliminary agreement which provided for the payment of compensation to the respondent for total incapacity. The case was heard by a trial commissioner who thereafter entered a decree wherein he found that the respondent was no longer totally but only partially incapacitated. This decree was affirmed by a decree of the full commission entered on April 28, 1959. The case is before us on the employer's appeal from that decree.

It is not disputed that while moving a reel of wire in petitioner's plant in Bristol on February 5, 1957 respondent slipped and suffered a "lumbosacral strain with sciatic radiation." Compensation payments for total incapacity were made from February 11, 1957 at the rate of $32 weekly based on an average weekly wage of $72.88. The petition for review was filed by petitioner on May 23, 1958 alleging that respondent's incapacity as a result of said injury had ended or diminished.

The petitioner has filed twenty-eight reasons why the appeal should be sustained, the decree reversed, a decree entered discontinuing payment of compensation benefits, and for such other relief as justice may require.

It appears from the testimony that respondent became sixty-five years of age on April 3, 1958 and was receiving $104.05 monthly from the government; that employees in petitioner's plant are required to retire at that age; and that there are benefits in the form of pensions.

There is in evidence a letter dated February 19, 1958 from petitioner's insurance carrier, addressed to respondent, telling him that Dr. A. A. Savastano had advised that he was able to do a selected type of work. The letter also stated that petitioner was prepared to offer him light work and suggested that he get in touch with Oscar A. Rishe at its office within the next few days.

Rishe testified that he was employed by petitioner as safety supervisor; that respondent did not come to the plant in response to the letter so he went to his home and talked to him; that the employee said he did not intend to go back to work; that his back was not right and he did not think he could do any work at the plant; that Rishe explained what the work would be; and that respondent said he thought he could not do it and "it seemed kind of silly anyway, he only had a month to go before he was 65 and would retire."

Doctor Savastano testified that he was an orthopedic sur-

geon; that respondent was referred to him by Dr. Robert Drew; that he first saw him on February 13, 1957; that he complained of intermittent pain in his low back with radiation into the right thigh and down to the back of the knee; that he saw him from time to time; that he advised him to enter a hospital for a complete rest; that respondent was not receptive to the idea; that he saw him in April 1957; and that he felt he had ability to do selected types of work.

The doctor testified that he again recommended hospitalization in May 1957; that respondent was admitted to Miriam Hospital May 23, 1957 and discharged as improved on June 3, 1957; that he was readmitted to that hospital on August 29, 1957; that a myelogram was done that morning but was found to be normal; that there was no indication of pathology of the spine; that he was discharged September 1, 1957; that his last examination was on June 19, 1958; that the only objective finding was a minimal erector spinae spasm; and that it was his opinion respondent could do selected types of work, but he should not lift weights of more than twenty-five pounds.

The respondent testified on August 20, 1958 that he felt then as he did a month after the accident; that he could not work around the house or in the garden; that his back and right leg pained him; and that he had difficulty driving his car. He also stated that he was wearing a support for his back.

The decree entered by the trial commissioner, which was affirmed by the full commission, contained the following single finding of fact: "That the petitioner has proven by a fair preponderance of the evidence that respondent is no longer totally incapacitated on account of the effects of the injury in the preliminary agreement but is now only partially incapacitated therefrom." Then follows the order which reads, "1. That the petitioner may suspend payment of benefits for total incapacity and begin payments for par-

tial incapacity in accordance with the provisions of the Act but not more than the amount of $22.00 per week; 2. That in the event respondent obtains work which he can perform and earns wages less than his average weekly wage of $72.88, he is to present a wage transcript to the petitioner so that benefits due him for partial incapacity in accordance with the provisions of the Act, may be accurately computed."

The petitioner contends that certain findings of fact presented by it should have been included in the decree of the trial commissioner and later in that of the full commission. As to the findings of fact which petitioner contends should have been in the decree appealed from, the trial commissioner made but one finding which in his judgment he considered to be an ultimate finding and the only one necessary. G. L. 1956, §28-35-27. On appeal to the full commission the petitioner undoubtedly argued, as he has here, that certain additional findings should have been included. But the full commission, after reviewing the evidence which was before it and after argument of counsel and a consideration of the memoranda of counsel, rendered its decision and affirmed the decree of the trial commissioner.

The petitioner's contention in the matter of findings of fact appears to be completely answered in our opinion in *Cairo* v. *Sayles Finishing Plants, Inc.*, 83 R. I. 297, wherein we stated at page 302, "Consequently the full commission after deciding an appeal should file a written decision containing their rulings on all questions of law and their findings on the weight of the evidence. Whether a new decree shall be entered on such decision is to be determined by a majority of the commission. Where the trial commissioner's decree is affirmed, the statute expressly provides that the entry of a new decree may be dispensed with on the vote of two commissioners."

In *Sorafine* v. *York Decorators Co.*, 90 R. I. 374, 378, 158 A.2d 264, at page 266, we stated, "Thus the full commis-

sion are at liberty to make their own findings of fact and are not bound to adopt any finding in the trial commissioner's decree when, as in the case at bar, such decree has been appealed from on the ground, among others, that it is against the evidence and the weight thereof."

Whether the full commission should have included other findings suggested by petitioner was in all the circumstances a question to be finally determined by the commission.

The petitioner lays much stress on the fact that it made an offer of work to respondent which was not accepted and which the full commission characterized as an insincere offer, notwithstanding that the trial commissioner had expressed an entirely different view in his decision. The petitioner did make an offer of work. It appears that it was an offer which would entail some of the duties of his old job coupled with the assurance that if and when it involved lifting or any exertion beyond respondent's ability help would be given him.

There was evidence that in a few weeks respondent would be sixty-five years of age at which time he would be required to retire. The offer, its nature, and the sincerity of the petitioner in making it when considered together constituted a question of fact which it was within the authority of the commission to pass upon. There was evidence on which the full commission could make its finding. Its decision on this question in the absence of fraud, which is not claimed, is final. *Grassel* v. *Garde Mfg. Co.*, 90 R. I. 1, 153 A.2d 527; *School House Candy Co.* v. *Ferrucci*, 88 R. I. 109, 143 A.2d 304; *Nunes* v. *Davol Rubber Co.*, 87 R. I. 271, 140 A.2d 272.

We have considered all the reasons of appeal and find them to be without merit.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Ambrose W. Carroll,* for petitioner.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for respondent.