216 A.2d 361.

SCHOOL HOUSE CANDY COMPANY *vs.* EDITH MOORE.

JANUARY 19, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

JOSLIN, J. This is an employer's petition to review a preliminary agreement providing for the payment of compensation for total incapacity. After hearing before a trial commissioner an interlocutory decree was entered finding the employee to be only partially incapacitated and continuing the case to a future date to give her an opportunity either to try out the light work offered her by the employer or to find such other employment as was suitable to her capacities. Thereafter the case was again heard before a single commissioner who entered a decree on March 15, 1965 permitting the suspension of compensation payments. The case is here on the employee's appeal from a decree of the full commission affirming the single commissioner's decree of March 15, 1965.

There is competent record evidence to support the commission's findings that the employee was partially rather than totally incapacitated and that she had refused to attempt to perform either of the two types of work offered by her employer, each of which was within her ability to perform and each of which would have given her a weekly earning capacity in excess of what had been her average

weekly pay prior to her injury. Findings of the commission supported as they are here by legal evidence are, in the absence of fraud, binding and conclusive upon this court.

The statute, G. L. 1956, §28-33-18, does not permit the payment of weekly compensation for partial incapacity to an injured employee whose post-injury earning capacity exceeds pre-injury average weekly wages, earnings or salary. It follows that on the facts of this case as found by the commission, it was not error to order a discontinuance of compensation. *School House Candy Co.* v. *Ferrucci,* 88 R. I. 109.

The respondent also suggests that her counsel be awarded a fee on the ground of having successfully defended before the trial commissioner against the petitioner's allegation that her incapacity for work had ended. A sufficient answer to that contention is that the respondent's failure to raise it in her reasons of appeal to the full commission deprives her of standing to urge it now. Our rule is that on an appeal from a decree of a single commissioner as affirmed by the full commission, we review only those matters which were brought by specific reasons of appeal to the full commission. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* for petitioner.

*John Quattrocchi, Jr.,* for respondent.