277 A.2d 128.
DAVOL RUBBER COMPANY AND AETNA CASUALTY AND SURETY COMPANY *vs.* IRENE E. LAFOE.

MAY 7, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

500

POWERS, J. This is an employer's petition to review a decree of the Workmen's Compensation Commission under which the employee was receiving weekly benefits for total

disability. Hearings thereon which commenced on May 14, 1969, were extended over a period of several months. In the course thereof, it was developed that Doctor Savastano, an orthopedic surgeon, had examined employee and his report was introduced into evidence. He gave as his opinion therein and also testified that employee's condition had improved and that she was now able to do light work. Pressed by employee's counsel, he refused to change his opinion.

Doctor Mongillo, qualified in psychiatry and neurology, also submitted reports based on his examination and treatment of employee which, although stating that employee was suffering from post-traumatic neurosis, revealed that she was, nevertheless, capable of doing light work. Indeed, this report recommended that employee make every effort to help herself by obtaining light work. His last such report was dated July 14, 1969.

Called to testify, Dr. Mongillo categorically stated, "My opinion is that she can do light work." He further testified that the post-traumatic neurosis, for which he had treated employee, does not incapacitate completely. On cross-examination, he candidly conceded that when he began to treat employee on December 9, 1968,[1] she was totally incapacitated, but that following a visit to Florida the following spring her condition improved and he now believed that she was capable of doing light work.

Doctor Cinquegrana, qualified as a specialist in physical medicine, was called by employee in opposition to employer's petition to review. He testified that as of July 28, 1969, when he last examined employee, she was still totally disabled. Additionally, he testified in medical terms to the reason for his opinion that employee's incapacity for work remained total.

---

[1]The compensable injury for which employee was being compensated occurred on February 23, 1968.

After the parties had rested, the single commissioner found as a fact that employee's incapacity had diminished from total to partial and that she was now capable of performing light work. Accordingly, conformable to the practice under the then second proviso of G. L. 1956, §28-33-18,[2] an interlocutory decree was entered on August 18, 1969. It contained the single commissioner's findings of fact that employee's incapacity had diminished from total to partial, and that she was capable of doing light work. This decree ordered employer to continue to pay employee for total incapacity during the period that employee was to seek the light work that she would be able to perform. The single commissioner then continued the case to September 10, 1969, at which time the employee was to return to testify about her efforts to find suitable work.

On said latter date, employee appeared and stated that because she did not feel well she had made no effort to seek employment of any kind. She further stated that she had an appointment with Dr. Julius Stoll, a neurosurgeon, for September 22, 1969, and requested that the hearing be further continued until after his examination. This request was granted, and after two further continuances, hearing was resumed on October 29, 1969.

At this hearing, testimony was received from Dr. Stoll who had examined employee on September 23, 1969. He stated that, in his opinion, employee was physically unable to get about and look for light work that the two other doctors had testified she was able to do.

---

[2]Pertinent provision of this section reads as follows:

"* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

Thereafter in a decision denying employee the total disability compensation to which a partially incapacitated employee who qualified under the second proviso of §28-33-18, would be entitled, the single commissioner expressly rejected the testimony of employee's neurosurgeon. Additionally he commented on his personal observations of employee's general attitude and demeanor, and concluded that she had not made a bona fide effort to obtain suitable work.

Accordingly, on November 10, 1969, a decree was entered which contained four findings of fact. These are:

"1. That the respondent is no longer totally incapacitated.

"2. That the respondent is partially incapacitated and is able to do suitable work.

"3. That the petitioner has not offered suitable work to the respondent which she is able to perform and did not present evidence that such suitable work is available elsewhere.

"4. That the respondent did not make a bona fide search to obtain suitable light work which she is capable of performing."

From this decree employee seasonably appealed to the full commission which entered its decree affirming the decree of the single commissioner. From the final decree of the full commission employee seasonably appealed to this court.

In connection therewith, she assigns a total of 14 reasons of appeal. However, these can be compressed into three substantive contentions and will be so discussed and considered.

The first such contention is that the findings of fact numbered one and two; namely, that employee's incapacity is no longer total but partial, and that she is capable of doing suitable work are not supported by competent evidence. In support thereof, she points to the fact that

Dr. Stoll's examination was conducted several months after the examinations conducted by Dr. Savastano and Dr. Mongillo. With this as her premise, she argues that Dr. Stoll's testimony was, in effect, uncontradicted. She makes this argument because the single commissioner in his decision relied heavily on the testimony of Dr. Savastano and Dr. Mongillo. What employee ignores, however, is that the single commissioner expressly rejected Dr. Stoll's testimony and, moreover, commented unfavorably on his personal observations of employee's general demeanor and attitude. In short, the decision of the single commissioner, when read in light of the whole record on which it was reached, discloses that he found the prognoses of Dr. Savastano and Dr. Mongillo were such as to outweigh the opinion of Dr. Stoll even though the latter's examination of employee was subsequent to that of the doctors on whose testimony the single commissioner relied. This, coupled with the impression created by employee, led him to conclude that her incapacity was no longer total but was, in fact, partial.

The employee's first contention is therefore without merit, it being elementary that, absent fraud, findings of fact, supported by competent evidence or reasonable inferences to be drawn therefrom, are binding on this court.

Neither is there merit to employee's contention that there is no competent evidence to support the finding that she did not make a bona fide effort to find suitable work. This contention, like her first, is predicated on the proposition that Dr. Stoll's testimony stands uncontradicted. As heretofore noted, the single commissioner expressly rejected Dr. Stoll's opinion as being not persuasive in light of the medical evidence adduced from the testimony and reports of Dr. Savastano and Dr. Mongillo. There is, moreover, in connection with this contention the finding of the single commissioner that employee's demeanor and

general attitude indicated an unwillingness rather than an inability to do any work whatsoever.

This brings us to a consideration of employee's remaining contention which, like the first two contentions heretofore considered, is predicated on one or more of her reasons of appeal.

As stated in finding of fact three, the employer offered neither suitable work that she was able to perform, nor evidence that such work was available elsewhere. Its failure in this regard, employee forcefully argues, entitles her to the benefits of the second proviso even assuming that she made no bona fide search for work that she was able to perform. In support thereof she cites *Darlington Fabrics Corp.* v. *Bury,* 95 R. I. 62, 182 A.2d 437, which concededly points in her favor.

There, the employee who was receiving weekly benefits for total compensation was found by the Workmen's Compensation Commission on the employer's petition to review not to have made a bona fide effort to obtain suitable work. There also, the employer offered neither suitable work nor evidence that such work was available elsewhere. Concluding that there was competent evidence to support the commission's finding that the employee had not made a bona fide search, we nevertheless reversed their denial of the benefits of the second proviso; holding that the employer, not having shown that it had offered the employee light work which she could perform, or directed her to available work elsewhere, had failed to meet its burden on its petition to review. On reflection, we now think it clear that while, on its petition to review, it is an employer's burden to prove that the incapacity for which it is paying compensation has either diminished or ended, it is not necessarily part of the employer's burden to offer either suitable work or assist in obtaining it elsewhere. This requirement of the employer set forth in the second proviso

of §28-33-18, becomes meaningful only when an employee's capacity has been found to be no longer total but partial, and the employee is unable to obtain suitable work despite a bona fide effort to obtain it. At this point, the employer who would escape the obligation of continuing to pay weekly compensation benefits for total incapacity must either offer the employee suitable work or assist in obtaining it elsewhere.

Expressly overruling *Darlington Fabrics Corp.* v. *Bury, supra,* then to the extent that it is inconsistent with our holding in the instant case, we are constrained to conclude that the instant employee's reliance on our previous holding, although scholarly, is unavailing.

It is our judgment, therefore, that all of employee's reasons of appeal and the contentions made in connection therewith, are without merit. There remains for disposition, however, employee's contention before us that the decree appealed from is erroneous in that at the time the single commissioner found that employee had not made a bona fide search for suitable employment, the requirement that she make such a search was no longer applicable. As heretofore noted, the decree of the single commissioner containing the finding in question was entered on November 10, 1969.

Public Laws 1969, chap. 146, sec. 1, amending §28-33-18, eliminates, *inter alia,* the bona fide search for suitable work requirement of the second proviso of the amended section and the $22 weekly maximum compensation payable where the partially incapacitated employee is earning less than the average weekly wage that he was earning prior to his incapacity. This amendment became effective September

1, 1969.[3] Thus, employee argues, the decree entered November 10, 1969, is contrary to the benefits of the applicable statute. Stated otherwise, employee contends before us that the single commissioner in the first instance, and the full commission on appeal, committed an error of law in applying the wrong statute.

The employer argued forcefully that this contention was not reviewable here for the reason that it was not set forth as a specific assignment of error in employee's reasons of appeal to the full commission, citing *School House Candy Co. v. Moore,* 100 R. I. 385, 216 A.2d 361. There we adhered to and restated the rule enunciated in *Brown & Sharpe Mfg. Co. v. Lavoie,* 83 R. I. 335, 116 A.2d 181, where we held that an alleged error by the single commissioner which was not made a specific reason of appeal in the appeal to the full commission could not be raised in this court. See also *United Wire & Supply Corp. v. Frenier,* 87 R. I. 31, 137 A.2d 414; *Peloso v. Peloso, Inc.,* 107 R. I. 365, 267 A.2d 717.

However, employee, acknowledging the validity of the rule set forth in the cited cases as it applies to the circumstances of those cases, argues, in substance, that a decree which is predicated on the wrong statute is erroneous as a matter of law. From this premise, she further argues

---

[3]The amendment in question is as follows:

"28-33-18. Weekly compensation for partial incapacity.—While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than the maximum weekly compensation rate for total incapacity as set forth in 28-33-17. In the event partial compensation is paid, in no case shall the amount of such compensation be more than thirty-two thousand five hundred ($32,500.00) dollars and where total disability and partial disability are paid for the same injury, the total amount in combined benefits shall not exceed thirty-two thousand five hundred ($32,500.00) dollars."

that application of the wrong statute constitutes an assignment of error reviewable under the general reason of appeal that the decree appealed from is against the law. There being such a general reason of appeal in her reasons of appeal to the full commission, she contends that the question is properly before us.

We think there is merit in such contention. In *Wanskuck Co.* v. *Puleo,* 78 R. I. 447, 82 A.2d. 872, we held that in cases following the course of equity, ordinary questions as to trial justice's decision appearing in a decree may be presented under general reasons of appeal therefrom. This case was decided prior to the creation of the Workmen's Compensation Commission, but we perceive no reason for distinguishing in the area of appellate review under consideration here. Indeed, our holdings in *Lavoie, Frenier* and *Peloso* adopted *sub silentio* the reasoning in *Wanskuck Co.* v. *Puleo, supra.*

Furthermore, in *Santilli* v. *Original Bradford Soap Works, Inc.,* 85 R. I. 305, 131 A.2d 235, litigated subsequent to the creation of the Workmen's Compensation Commission, the injured employee was entitled to 255 weeks of compensation for specific compensation under the provisions of the applicable statute. The decree of the single commissioner, affirmed by the full commission, awarded the employee compensation for 100 weeks, an error not specifically delineated in employee's reasons of appeal to the full commission, but represented by employee before this court as being embraced by the general reason of appeal that the decree was against the law. We affirmed the validity of the rule of specificity previously enunciated in *Brown & Sharpe Mfg. Co.* v. *Lavoie, supra,* but, recognizing the patent injustice which could result to the employee, we granted reargument solely on the issue of whether the final decree should be amended so as to provide 255

weeks rather than the 100 weeks awarded in the decree affirmed by the full commission.

On reargument, we held that since the single commissioner had determined that employee was entitled to compensation, it was his duty to have entered a decree awarding compensation for the number of weeks provided by the applicable statute, namely 255 weeks. Accordingly, we held that it would be inequitable to apply the general rule that a court will not review a judgment on a ground that was not presented below and in consequence of this determination ordered modification of the appealed decree to conform to the applicable statute. *Santilli* v. *Liberty Mutual Insurance Co.*, 86 R. I. 406, 135 A.2d 834.

It is the essence of our decision in the last cited case that a decree which is based on recourse to an inapplicable statute is so erroneous as to be susceptible to appellate review under the general reason of appeal that the decree is against the law and we so hold.

Even so, employee takes nothing from our determination that she has standing to challenge the correctness of the decree from which she appealed. The statutory provision which she contends was binding on the single commissioner, namely P. L. 1969, chap. 146, sec. 1, became effective September 1, 1969. Her incapacity for work arising out of the work-connected incident became compensable on February 23, 1968, as determined by an unappealed decree entered October 21, 1968. It is fundamental that throughout the period of time during which employee would be entitled to weekly compensation for loss of earnings, the amount of such weekly payments will be that provided by the statute in effect on February 23, 1968. *Vick* v. *Aubin*, 73 R. I. 508, 58 A.2d 109; *Gomes* v. *John J. Orr & Son*, 78 R. I. 96, 79 A.2d 618. The nature of her incapacity may at times be total and at other times be partial, but whatever the nature of her incapacity at any

time throughout the period that she is entitled to compensation for loss of earnings, the amount of weekly benefit for total or partial, as the case may be, will be that provided for total or partial respectively in effect on February 23, 1968.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for petitioners-appellees.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent-appellant.