291 A.2d 420.

LOUIS DESJARDIN *vs.* MILLER ELECTRIC COMPANY.

JUNE 5. 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an employee's petition to review a preliminary agreement. The case is here on the employee's appeal from a decree of the full commission.

The narrow issue raised by this appeal is whether the Workmen's Compensation Commission has jurisdiction under G. L. 1956 (1968 Reenactment) §28-33-18, as amended by P. L. 1969, ch. 146, sec. 1[1] to order a partially incapacitated employee to make a bona fide attempt to obtain suitable work he is able to perform.

---

[1]Section 28-33-18 reads as follows:

"Weekly compensation for partial incapacity.—While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than the maximum weekly compensation rate for total incapacity as set forth in §28-33-17. In the event partial compensation is paid, in no case shall the amount of such compensation be more than thirty-two thousand five hundred dollars ($32,500) and where total disability and partial disability are paid for the same injury, the total amount in combined benefits shall not exceed thirty-two thousand five hundred dollars ($32,500)."

We answered this question in *Davol Rubber Co.* v. *Lafoe,* 108 R. I. 499, 277 A.2d 128 (1971), where we held that the 1969 amendment eliminated the bona fide search for suitable work requirement of the second proviso of the statute. See also *Podborski* v. *William H. Haskell Manufacturing Co.,* 109 R. I. 1, 279 A.2d 914 (1971). The decision in *Davol Rubber Co.* v. *Lafoe, supra,* is controlling here. The decree of the full commission, insofar as it purports to order the employee to make a bona fide attempt to obtain suitable work which he is able to perform, is in error.

The employee's appeal is sustained and the decree appealed from is reversed in part. The employee, having prevailed here, is entitled to a fair and reasonable counsel fee under the provisions of §28-35-32. Upon the presentation of a motion for the award of such fee and a certificate showing compliance with the requirement of our "Provisional Order No. 5," costs for such counsel fee shall be fixed by this court after a hearing on the question of the fairness and reasonableness of such fee pursuant to the rule in *O'Neil* v. *M & F Worsted Mills, Inc.,* 100 R. I. 647, 218 A.2d 666 (1966). The cause will then be remanded to the Workmen's Compensation Commission for the entry of a decree modified in accordance with this opinion and for further proceedings.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.