306 A.2d 844.

FRANCES M. NARDOLILLO *vs.* THE BIG G SUPERMARKET, INC.

JULY 11, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

ROBERTS, C. J.   This is an employee's original petition for benefits under the Workmen's Compensation Act. General Laws 1956 (1968 Reenactment) §28-29-1.   After hearing, the trial commissioner found that the petitioner, as of

February 24, 1972, became totally incapacitated as a result of an injury sustained while employed by the respondent on January 15, 1972. The trial commissioner entered a decree ordering the respondent to pay the petitioner compensation for total incapacity from February 24, 1972, to March 7, 1972, and compensation for partial incapacity from March 7, 1972, at a rate not to exceed the maximum amount. Upon the respondent's appeal, the full commission affirmed the findings and orders contained in the decree of the trial commissioner. The respondent is now prosecuting in this court an appeal from the decree of the full commission.

The respondent is not challenging the propriety of the findings as to total and partial incapacity. Rather, it raises a single question which, in our opinion, is dispositive of the issue here raised. The respondent is contending that an employee who refuses to accept beneficial rehabilitative employment which he is capable of performing is not entitled to partial compensation, and consequently §28-33-18, as amended, has no application in this case.

The respondent relies principally upon the language in our prior decisions, particularly *School House Candy Co.* v. *Ferrucci*, 88 R. I. 109, 113, 143 A.2d 304, 306 (1958), which imposed a "* * * duty * * * [on the] employee to attempt in good faith to perform the specific work which has been offered her by the employer and which the commission has found she is able to do." *See also Narragansett Hotel, Inc.* v. *Mallozzi*, 81 R. I. 389, 103 A.2d 355 (1954); *Interlaken Mills* v. *Poling*, 81 R. I. 309, 102 A.2d 710 (1954); *Tool & Findings Co.* v. *Duffy*, 81 R. I. 61, 98 A.2d 849 (1953). Each of those cases arose in the context of the Act before its substantial revision in 1969.

Prior to the 1969 amendments, §28-33-18 provided a rather complex system for determination of partial benefits. The amount of the *partial* weekly compensation was

computed as 60 per cent of the difference between the employee's average weekly wages, earnings, or salary before the injury and the amount he was able to earn weekly after the injury, not to exceed $22. However, two provisos supplemented this formula. The first provided that if the employee was unable to obtain work after the injury, the commission was empowered to fix the dollar value of the employee's weekly earning capacity in order to compute the amount to be paid as partial compensation. The second proviso required payment of compensation for total incapacity where the employee demonstrated a bona fide effort without success to find work he was able to perform, and the employer was unable to demonstrate that he was able to provide such work or that suitable work was available elsewhere. Both provisos require difficult factual determinations by the trial commissioner.

Experience under this provision apparently demonstrated that many employers regarded a partially incapacitated employee as a bad risk and, therefore, refused to hire him. In an effort to remedy some of the difficulties which arose under §28-33-18 and to create a more equitable approach, that section was changed substantially in 1969. Now that section simply provides that partial weekly compensation shall be 60 per cent of the difference between the average weekly pre-injury wages, earnings, or salary and the weekly earnings after the injury. Both provisos were eliminated. If a partially incapacitated employee has not returned to work, his post-injury average weekly compensation is zero.

We have held that the amendment strips the commission of any authority to fix an earning capacity for a partially incapacitated employee who has not actually worked since his injury. *Podborski* v. *William H. Haskell Mfg. Co.*, 109 R. I. 1, 9-10, 279 A.2d 914, 918 (1971). It is the clear intent of the Legislature, we said in *Podborski*, that a partially disabled employee who has not returned to gainful

employment as a result of work-connected injuries receive the same compensation as is payable for full incapacity. Furthermore, the 1969 amendment has eliminated the bona fide search for suitable work requirement of the second proviso. *Desjardin* v. *Miller Electric Co.*, 110 R. I. 184, 185, 291 A.2d 420, 421 (1972); *Davol Rubber Co.* v. *Lafoe*, 108 R. I. 499, 506, 277 A.2d 128, 132 (1971). With the elimination of the second proviso, there is nothing in §28-33-18 which would require an employee, while he remains partially incapacitated, either to seek work which he is capable of performing or to accept such work from his former employer.

The respondent obviously is of the opinion that the rule set out in *School House Candy Co.* v. *Ferrucci, supra,* requires as a condition precedent to receiving any compensation that the partially incapacitated employee attempt in good faith to perform work offered by the employer. In so arguing, however, we think that respondent fails to grasp the significance of the amendment to §28-33-18 in 1969. There is no doubt that the decision in that case was a sound interpretation of §28-33-18 as it stood prior to its amendment in 1969. It does not follow, however, that that section as amended in 1969 imposes such a duty on the partially incapacitated employee.

The rights that accrue to an employee or an employer under the Workmen's Compensation Act are purely statutory, *Podborski* v. *William H. Haskell Mfg. Co., supra,* and this is equally true with respect to obligations imposed upon an employee or an employer by the Act. The determination of policy with respect to the Act is entirely within the legislative prerogative. In amending §28-33-18 in 1969, the Legislature intended to remove the bona fides of the employee entirely from the determination of the amount of compensation to be paid for partial incapacity. We are persuaded from an examination of that section, as amended, that the

Legislature intended to declare its policy to be that so long as a partially incapacitated employee remains out of work, whatever the reason, he is entitled to the compensation ordinarily paid for total incapacity.

It is true that we have frequently said that one of the purposes of compensation legislation is to afford relief and provide rehabilitation for those who are casualties of the modern industrial world. *Izzi* v. *Royal Electric Corp.*, 100 R. I. 380, 216 A.2d 363 (1966); *Warwick Brass Foundry Co.* v. *Universal Winding Co.*, 97 R. I. 474, 199 A.2d 29 (1964). However, as we said in *Geigy Chemical Corp.* v. *Zuckerman*, 106 R. I. 534, 541, 261 A.2d 844, 848 (1970), the primary object of the Workmen's Compensation Act is to provide economic assistance to an employee who has been injured and has thereby suffered a loss of earning capacity. The overriding thrust of the legislation is to impose upon an employer the burden of taking care of the casualties occurring in his employment and thus preventing the injured employee from becoming a public charge.

In short, the Workmen's Compensation Act is humane legislation designed to afford a modicum of economic shelter to one who has sustained an industrial injury. We are constrained, then, to hold that the purpose of the Legislature in amending §28-33-18 was to provide a partially incapacitated employee, who for whatever reason is not receiving any wage, with compensation equal to that paid for total incapacity. We feel that the establishment of such policy is consistent with the fundamental purpose of workmen's compensation.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

Mr. Justice Joslin did not participate.

*Louis A. Geremia,* for petitioner.

*Higgins & Slattery, William C. Dorgan,* for respondent.